## PLATT vs. ROBINSON.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard September 23, 1859.]                    [Decided December 14, 1859.

*Answer—Interest—Usury—Frivolousness of Answer, &c.—Reference—Practice.*

An answer to a complaint for foreclosure which set up that the note on which the action was brought was usurious, but did not aver an offer to pay the amount borrowed, nor tender the same with the answer, is not for that cause frivolous' but such answer is a good defense to the action, and it is error in the circuit court to enter judgment upon such an answer, under section 159 of the Code.

Where a defendant answered that the note on which the action is brought is usurious under sec. 2, chap. 55, 1856, the defendant is not obliged to prove a tender of the amount of the principal sum loaned, &c., until it has been determined that the facts of usury set forth in the answer are true, and the defendant shall demand the benefit of the determination.

Where a notice of application for judgment under section 159 of the Code, for frivolousness of the answer, was given for the 25th of May, at the opening of the court, on that day, &c.; and on that day the court was not in session, the application may be made on the next motion day, without further notice.

The court may refer a note and mortgage to a referee to compute the amount, &c. before entering judgment under section 159 of the Code, and is not necessary that notice of the time, &c., when the referee will examine and compute the amount, need be given to the defendant, whose answer has been declared frivolous.

The facts in this case, as to the matters of the complaint and answer, and the entry of judgment, are stated in the opinion of the court. The judgment interlocutory and order of reference was made on the 8th of June, 1858, who reported the matter back, and final judgment was entered on the same day.

The order entering judgment for frivolousness of the answer, and referring the note and mortgage to Coit was served upon the defendant's attorney on the 9th of June, and after the referee had acted in the premises; but no notice of application for reference, or any notice, after the order of reference had been made, when the referee would act, nor any notice what his report was, before the entry of judgment, was ever given the defendant Robinson, who appeared and answered herein.

From which judgment, and all orders made prior to the judgment, necessary to sustain and support said judgment, the appellant, William Robinson, impleaded with Elizabeth Robinson his wife, appeals to this court, and prays that the same may be reversed and held for naught.

*Knapp, Widvey & Booth*, for the appellants.

*Stevens & Lewis*, for the respondent.


*By the Court*, Dixon, C. J. This is an action commenced in the circuit court for the county of Dane, by the respondent, against the appellant, and Elizabeth Robinson his wife, for the foreclosure of a mortgage. The complaint is in the usual form, and alleges that the appellant, on the 7th of May, 1856, at Black Earth, in the county of Dane, executed and delivered to the respondent his promissory note for the sum of $600, payable on or before the 7th day of May, 1857, with interest at the rate of twelve per cent. *per annum,* and at the same time and place, together with his wife, executed and delivered the mortgage to secure the payment of the note. Elizabeth Robinson made no answer. The appellant answered, admitting the execution of the note and mortgage as set forth in the complaint, but insisting that the appellant ought not to have

Platt vs. Robinson.

the judgment claimed in the complaint, because the note and mortgage, although calling for the payment of $600 and interest at 12 per cent., was in fact given for a loan by the respondent to the appellant, of the sum of $570, and no more, which sum was so loaned at the date of the same; and that the making of the said note and mortgage for the sum of $600 and interest as aforesaid, was a violation of the provisions of the statute limiting the rate of interest.

For a further answer, he alleged that before the making of the promises and undertakings in the complaint mentioned, wit: On the 7th day of May, 1856, at the county of Dane, it was corruptly and against the form of the statute in such case made and provided, agreed by and between the respondent and himself, that the respondent should lend and advance to him the sum of $570, and that he should forbear and give day of payment thereof to him until May 7th, 1857, being the term of one year, and that he, the said appellant, for the said loan of $570, and giving of such day of payment, should give and pay the respondent the sum of $600 on the 7th of May, 1857, with interest on said last sum at the rate of 12 per cent. per annum; that in pursuance of said usurious and corrupt agreement, the respondent did then and there lend and advance to him the sum of $570, and no more, and the sum of $600 so agreed to be paid and given by the appellant to the respondent, and secured by the note and mortgage mentioned in the complaint, exceeds the rate of twelve dollars for the forbearance of one hundred dollars for one year, &c., whereby, and by force of the statute in such case made and provided, the note and mortgage became and were wholly void as to all sums above the said sum of $570, so actually loaned.

On the 15th of May, 1858, the respondent's attorneys gave notice to the attorneys of the appellant, that, on the 25th of May, at the opening of the court on that day, or so soon thereaf-

ter as counsel could be heard, the circuit court for said county being then in session, application would be made to the court to declare the answer frivolous, and for judgment thereon, or for such other or further relief as might be just. On the 22d of May the court adjourned until the 31st, and on that day until June 1st, without opening to attend to business. From the 1st until the 5th, no opportunity was afforded to make the motion, by reason of the refusal of the court to entertain the same. On the 5th it was submitted by the respondent's attorneys, no one appearing to oppose; on the 7th, granted by the court, and on the 8th, judgment perfected. Upon the order declaring the answer frivolous and for judgment thereon, being made, an order was also made referring it to a court commissioner to ascertain and compute the amount due upon the note and mortgage, and report the same to the court. Upon the coming in and confirmation of his report, which was in the usual form, judgment was entered.

To these proceedings several objections are made by the appellant's counsel. 1. It is objected that the judgment upon the answer as frivolous, is erroneous, because no notice of the time when the application therefor was in fact made, was given to the appellant's attorneys. Whether this objection be good or not, depends upon whether it was regular for the respondent to proceed after the 25th of May, and during the same term, under the notice of such application, which was given for that day; or whether the court not being in session on that day so that it became impossible for him to make his application then, he was bound before he could proceed further, to give a new notice of the time when he would make the same. The appellant's counsel insists that the notice for the 25th expired with that day, and that before further steps could be taken it must be renewed. We are of a different opinion. It seems to us that when causes over which the moving party has no control, intervene between the time of

Platt vs. Robinson.

the giving of notice of a motion and the time of hearing, which render it impossible for him to proceed at the time fixed, and of which causes, such as the adjournment of the court, in the present instance, the opposite party is bound equally with him to take notice; the notice already given ought to be regarded as sufficient to enable him to proceed under it, at the next motion day when it can be heard, and to compel the opposite party if he desires to oppose it, to be present at such day. Such we believe has been the usual understanding and practice in the circuit court, and there appears to be no hardship or injustice in it. In the state of New York from which we derive most of our notions of practice, proceedings upon motions in almost every contingency, are regulated by rules of court. With us it is not so. In the absence of such rules they must, to a great extent, remain matters of discretion with the courts. The rule adopted by the Supreme Court of New York in the Anonymous Case and note, 2 Wend., 621, appears to be as fair and as little productive of surprise and mischief as any which can be pursued. It was to allow the moving party the entire day fixed by the notice, to make his motion, but not afterwards; and in case he did not do so, and the opposite party appeared to resist it, to dismiss it, on his application at the next motion day, with costs. This rule would of course be subject to such exception as that contained in the present case, and to a power of continuance on the part of the court.

2. The next objection made is, that it was erroneous to refer the matter for computation of the amount due after judgment for frivolousness, to the court commissioner. This was clearly regular within the second subdivision of sec. 158 of the Code, which provides that, " if the taking of an account or the proof of any fact be necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account, or hear the proof, or may, in its discretion, order a reference for that purpose."

3. The third objection is, that the answer is not frivolous. On this point we are of opinion that the judgment must be reversed. The only ground of frivolousness urged against the answer is, that it does not aver or show a tender to the re-spondent of the principal sum loaned, and many authorities are cited from New York and elsewhere, to show that such averment is necessary. No general proposition is better set-tled than that when proof of tender is necessary either to establish a cause of action or to sustain a defence it must be preceded by a proper averment in the pleading. If this case fell within the general rule there could be little doubt about it, but it seems to us that it does not. Whether it does or not depends entirely on the statute. Its phraseology is pecu-liar. The 2d section of the act, chap. 55, Laws of 1856, the first section having provided that all bills, bonds, &c., shall be valid and effectual to secure the repayment of the principal sum loaned, provides that, " whenever any person shall apply to any court in this state to be relieved in case of a usurious contract or security, or when any person shall set up the plea of usury in any action or suit instituted against him, such person, to be entitled to such relief or the benefit of such plea, shall prove a tender of the principal sum of money or thing loaned to the party entitled to receive the same." The prior act of March 10, 1851, chap. 172, Laws 1851, to which this act was amendatory, made all bills, bonds and other contracts, " whereupon, or whereby there was reserved or taken, or se-cured, or agreed to be reserved or taken, any greater sum or value for the loan or forbearance of any money, goods or oth-er things in action," than twelve dollars upon one hundred dollars for one year, absolutely void; and imposed no re-straints whatever upon the maintenance of actions to set aside such contracts, or the pleading of such usurious agreement, as a defense to suits brought to enforce them. It seems very clear, taking the two acts together and considering the form

of expression adopted by the legislature in the second section of the act of 1856; above quoted, that it was not their intention to change or modify the existing rules of pleading or mode of commencing suits, but to provide that no relief should be granted by the court upon any such action brought, or plea set up, unless the party entitled to such relief should, at the time of making his application, show that he had complied with the equitable rule which requires that he should pay, or tender the sum he had actually received. The entire scope of the section appears to be to the effect that actions are to be brought and defenses made according to the existing practice, but that when the cause of action as stated in the complaint, is proven, or defense set up in the plea is established by the decision of the court, judgment for such relief, or the benefit of such plea shall not be granted without proof of a tender first being made. It inhibits the court from granting the relief without proof of tender made. The language employed seems to us so strongly to support this conclusion as hardly to admit of doubt or argument. It follows from this view, not only that the answer is good, but that the appellant is not obliged to prove a tender until it has been judicially determined that the facts set forth in it are true, and he demands the benefit of such determination.

The judgment of the circuit court must be reversed and the cause remanded for further proceedings in accordance with this opinion.