## FRANKFORT BANK *vs.* COUNTRYMAN.

### APPEAL FROM COUNTY COURT, GREEN LAKE COUNTY.

Heard January 13.]                    [Decided June 4, 1860.

### *Indorser—Pleadings—Frivolousness—Practice.*

In an action upon a promissory note against the indorser, the complaint alleged that the note "was duly presented," &c., that the same was "duly protested for non-payment," and "notice thereof duly given:" Held that such averments were sufficient under the Code.

When judgment has been entered on motion for frivolousness of the demurrer, to a complaint on a promissory note, judgment may be entered by the clerk without notice to assess damages.

*Platt vs. Robinson* considered and approved.

This was an action upon a promissory note by Wm. J. Frank, and indorsed by the defendant to the plaintiff. The

facts will be sufficiently gathered from the opinion of the court.

. *C .W. Holmes,* for the appellant.

*Geo. B. Judd,* for the respondent.


*By the Court,* COLE, J. We think that this judgment should be affirmed. An examination of the complaint will show that the first and second grounds of the demurrer are not true in point of fact. The complaint does allege that the appellant indorsed the note for value to the bank. The third objection taken to the complaint is, that it no where appears therein, that the payment of the note was demanded at the place where the same was made payable, namely, the Frankfort Bank, &c. It is true the complaint states that the note was made payable at that bank; and it alleges that payment of the note was duly demanded at maturity," and that the same was thereupon " protested for non-payment," and " notice thereof duly given" to the appellant. This manner of stating the demand of payment, and the notice of the demand and non-payment, to the indorser, has been held to be sufficient in New York, since the adoption of the code, and we have no doubt but those decisions are in conformity to the spirit of that enactment. *Gay vs. Paine et al.,* 5 How. Pr. 107; *Adams vs. Sherrill et al.,* 14 id., 297; *Prindle vs. Caruthers,* 15 N. Y., 425; *Keteltas vs. Meyers,* 19 id., 231. We are disposed to follow these decisions upon this point, and to hold that such a general statement of the performance of the conditions precedent to a party's right to recover against the indorser, is sufficient. These observations dispose of the fourth and fifth grounds of demurrer.

The appellant insists that he was entitled to notice of assessment of damages, when the respondent moved for judgment on account of the frivolousness of the demurrer. We

have held otherwise when the complaint was properly verrified. *Platt vs. Robinson,* 10 Wis., 128. The verrificatio is not set forth in the record sent up to this court, but we assume that it was sufficient to authorize the clerk to ent judgment under sub. 1, section 27, chap. 132, R. S.

The judgment of the circuit court is affirmed with costs.