326 SUPREME COURT OF WISCONSIN,

Smith vs. The Chicago & North-Western Railway Co.

SMITH VS. THE CHICAGO AND NORTH-WESTERN RAILWAY COMPANY.

A railroad company whose road, franchises &c. were mortgaged to secure its bonds, entered into a written agreement with its bondholders, the persons named as trustees in the mortgage, and its general creditors, whereby the road was to be sold under the mortgage and bid in by certain persons as trustees for the bondholders, and a new corporation to be organized by them, in which the unsecured creditors of the old company, acceding to said plan within a specified time, were to receive stock to the amount of seventy-five per cent. of the sum found to be due them respectively, on condition that they should "surrender or assign, as may [might] be required, to persons [to be] designated for the purpose, their debts and all the evidences thereof," and the time for the performance of this condition was to be fixed by the persons purchasing for the bondholders, or by the new corporation which might be formed in pursuance of said agreement. The sale was accordingly made, and the new company duly organized. A complaint against said new company, which showed that the plaintiff had, before the mortgage sale, a cause of action against the old company, also alleged "that he performed all the things, and kept and observed all the conditions by him to be kept, observed and performed, to entitle him to stock" in the defendant company as an unsecured creditor of the old company, "in pursuance of the agreement contained in said plan in that behalf;" and that defendant refused on demand to issue him stock as provided in said agreement. On demurrer to the complaint as not stating a cause of action, *Held*, that under sec. 24, ch. 125. R. S., it was not necessary to state more particularly the facts constituting a performance of the conditions precedent. DOWNER, J., dissents.

Under the circumstances of this case, the demurrant should be allowed to answer upon paying costs in the circuit court of the demurrer, although the time originally given to answer had expired.

APPEAL from the Circuit Court for *Rock* County.

This cause was here before on an appeal by the defendant from an order overruling its demurrer to the original complaint; and the order was reversed by this court. See 18th Wis., 17-24. The two causes of action as set forth in the original complaint, are clearly stated in the opinion on that appeal. After the cause was remitted to the circuit, the plaintiff amended his complaint. The amended complaint sets forth therein, in *haec verba*, the "plan of re-organization" agreed upon February 22d, 1859, by and between the Chicago, St. Paul and Fond du Lac R. R. Company, its bondholders and the trustees under the

mortgages executed to secure its bonds, and its other creditors; which plan provided, among other things, as follows: "It is proposed that the railroad, and all the property connected therewith, shall be bought by persons who shall be agents of the subscribing bondholders for such purchase, and that a corporation or corporations shall be organized under the laws of Wisconsin, Illinois and Michigan, or under the laws of some of these states, and the stock created and securities made, of the said corporation or corporations, shall be distributed in the manner and on the conditions hereinafter expressed. The general or unsecured creditors acceding to this plan, performing all its conditions, may be admitted to its benefits, viz: 1st. They shall surrender or assign, as may be required, to persons designated for the purpose, their debts and all the evidences thereof. 2d. They shall be entitled to receive stock to the amount of seventy-five per cent. of the amount found to be payable to them respectively; including interest to the day of the date hereof." "1st. The times for the performance of the two conditions of this plan by the several classes of the first and second mortgage bondholders, creditors and stockholders, shall be fixed by the persons purchasing and acting as agents of subscribing bondholders as above mentioned, or by the corporation or corporations which may be formed in pursuance hereof. On default to perform all the conditions of this agreement, all rights of the person so in default, by virtue of this agreement, shall cease. 2d. All questions in respect to the construction or effect of any provision of this plan, shall be submitted to the purchasers or purchaser herein mentioned, and their decision shall be final and conclusive, and they are hereby vested with full power to carry out the provisions of this plan, and in any case which is unprovided for by this plan, to supply the defect, and generally to do all acts and things necessary to carry out the objects of this plan. 3d. All parties must accede to this plan within sixty days from March 1st, 1859, or they will not afterwards become entitled to its

benefits unless by the written consent of the said purchasers or purchaser, except foreign bondholders, creditors and stockholders, for whom they shall fix what they may deem to be a further reasonable time." The complaint then alleges in substance that afterwards, on the 2d of June, 1859, in pursuance of said plan, a mortgage sale was made of the property and franchises of said company, and they were purchased by one Tilden and one Ashley as trustees for the stockholders and creditors of said Chicago, St. P. & F. du L. R. R. Co.; that thereupon the trustees named in said mortgage conveyed said property and franchises to said Tilden and Ashley; that afterwards said Tilden and Ashley, in pursuance of said "plan," and under ch. 108, Pr. Laws of 1859, organized the corporation defendant, in which the unsecured creditors of said Chicago, St. P. & F. du L. R. R. Co. were entitled to become stockholders in the manner, upon the conditions, and to the extent agreed upon in said plan; that the Chicago, St. P. & F. du L. Co., without any new consideration, and only to execute the stipulations contained in said plan, executed a deed of its property and franchises to said Tilden and Ashley, June 30th, 1859, and they conveyed the same by deed to the defendant on the next day; that plaintiff "did and performed all the things, and kept and observed all the conditions by him to be kept, observed and performed, to entitle him to stock in the *Chicago & North Western Railway Company*, as an unsecured creditor of said Chicago, St. Paul & Fond du Lac Railroad Company, under and in pursuance of the agreement contained in said plan in that behalf;" but that about the 1st of October, 1859, he "was informed by the officers and agents of said defendant, and upon such information states and shows the fact to be, that the board of directors of said defendant had before then had it under consideration, whether or not they should, on behalf of the defendant, issue to said plaintiff stock in said company, defendant, to the amount of seventy-five cents on the dollar of the said indebtedness from said Chica-

go, St. Paul & Fond du Lac Railroad Company, and interest thereon to the day of the date of said plan; and that said board of directors decided then and there not to issue said stock to said plaintiff;" and that said board of directors afterwards refused (on demand made October 13th, 1859) to issue said stock to the plaintiff.

A demurrer to the complaint as not stating a cause of action, was overruled, with leave to answer by November 10th, 1864; and from this order the defendant appealed on the 4th of October, 1864.

*Eldridge & Pease*, for appellant, contended that the decision on a former appeal in this cause, that the first part of the complaint showed a good cause of action against the Chicago, St. P. and Fond du Lac Co., was erroneous. 2. The complaint does not show that the plaintiff made any endeavor to secure his stock either from the old company or from the purchasers at the mortgage sale, to whom was confided the *sole* power to settle and arrange matters of this kind; nor that he attempted to secure the same to himself, as a stockholder or unsecured creditor, from the new corporation, until the 13th of October, 1859, more than three years after he became entitled to the same, and when the power of said purchasers had ceased. In the absence of a direct allegation showing what was done in this respect by the plaintiff, and *when* it was done, and in view of the allegation that the question had been brought to the consideration of the new corporation after its complete organization, whether it would issue stock to the plaintiff as an unsecured creditor of the old company, we must assume that no endeavor to perform the conditions of the plan had been made by the plaintiff prior to the time of the alleged demand, but he had slept upon the rights secured to him by the plan until all authority conferred upon the purchasers at the mortgage sale, in respect to this claim, had ceased; and the general allegation that he had kept and observed all the conditions of the plan should not aid him.

*Matt. H. Carpenter* and *J. A. Sleeper*, for respondent.

*By the Court*, COLE, J.    The points decided on the former appeal, so far as they are applicable to the case before us, are not now open for discussion, and will not be considered.    We then thought the complaint defective because it did not allege that the plaintiff had ever demanded or been refused the rights of a stockholder in the new company, in pursuance of the agreement therein contained, or that the new company had ever assumed his debt against the Chicago, St. Paul and Fond du Lac R. R. Co., as authorized by chap. 108, Pr. Laws of 1859.    This defect has been fully supplied in the amended complaint, as an examination of it will abundantly show.    In the original complaint it is stated generally, among other matters, that a certain understanding and agreement was come to and had by and between the Ch., St. P. & F. du L. R. R. Co., the holders of the bonds secured by the mortgage therein named, and trustees of the bondholders, to the effect that a sale of all the said railroad franchises and property described in the mortgage should be had for the benefit of said company, its stockholders and creditors; and that thereupon there should be a reorganization of the company under another name, and that the stockholders of said mortgagor company, and its unsecured creditors, should become stockholders in such reorganized company, &c.; and the complaint also showed that a reorganization was had in pursuance of this agreement and understanding.    In the amended complaint, the agreement, or "the plan" for the reorganization, is set out in *haec verba*.    From this "plan" it appears that certain things were to be done in order to entitle a stockholder or creditor to the benefit of its provisions.    Now it is objected that the amended complaint fails to show that the plaintiff has complied with the conditions of the "plan," and that it should show distinctly that he acceded to it, and specially state the time and manner of performance.    The allegation in the com-

plaint is as follows: "The said plaintiff further shows that he did and performed all the things, and kept and observed all the conditions by him to be kept, observed and performed, to entitle him to stock in said *Chicago & North Western Railway Company* as an unsecured creditor of said Chicago, St. Paul & Fond du Lac Railroad Company, under and in pursuance of the agreement contained in said plan in that behalf." There is a general demurrer to the amended complaint, upon the sole ground that it does not state facts sufficient to constitute a cause of action. The question is, whether these general allegations of performance on the part of the plaintiff of all acts and things necessary for him to do in order to be entitled to the benefits of the plan, are not sufficient on this demurrer. A majority of the court are of the opinion that they are. Our statute has made an important change in respect to pleading performance of conditions precedent, by providing that it shall not be necessary to state the facts showing such performance, but that it may be stated generally that the party duly performed all the conditions on his part. Sec. 24, chap. 125, R. S. 1858. Now where this easy mode of stating performance of all acts essential to give a right of action is adopted—a method of pleading expressly sanctioned by the above provision of law—it would seem as if it should be held good on general demurrer. It is not necessary to decide whether it is sufficient under any possible form of objection, but if there are any defects in the complaint "they are not so substantial in their nature or so fatal in their character" as to be reached by a general demurrer. *Morse v. Gilman*, 16 Wis., 504; *Richards v. Edick*, 17 Barb., 260; *Graham v. Camman*, 5 Duer, 697. If the plaintiff had attempted to state the acts done by him in complying with the plan, then perhaps he would be required to show a strict performance. *Hatch v. Peet*, 23 Barb., 575. But this he did not do, but pleaded performance generally. Therefore the majority hold that the complaint is good upon this demurrer.

There are two causes of action set forth in the complaint. As a consequence, if one is held to be sufficiently stated, the demurrer was properly overruled. The last cause of action is founded upon an agreement made and entered into by the Chicago, St. Paul and Fond du Lac Railway Company to indemnify the plaintiff against all liabilities incurred by him as surety, indorser, or guarantor of the Rock River Valley Union Railroad. It is alleged that the Chicago, St. Paul and Fond du Lac company did not indemnify and save him harmless from certain judgments therein specified. In the former opinion it was stated that this showed a good claim against the old company, although it appeared that the plaintiff had not paid the judgments recovered against him. The distinction taken by the cases was noticed, between an indemnity against damages on a liability and an indemnity against the liability itself; and the second cause of action stated in the complaint was held to come within the latter class of cases. It is contended, however, that there is really no sound distinction in principle between an undertaking to indemnify against a liability and one to indemnify against any damages or expense, and that compensation should only be given for actual loss. But that there is very high authority for the distinction cannot be denied. See cases cited by Sedgwick on Damages, chap. 11; *Warwick v. Richardson*, 10 Mees. & Wels., 284 This question, it is manifest, is not fairly raised upon this appeal, and I shall therefore enter upon no further discussion of it. I will merely add that, after an examination of the authorities, I find the former opinion on this point well sustained by many carefully considered cases, and I am not now disposed to modify it.

It is claimed that this court should order judgment for the amount asked in the complaint, upon affirming the order of the court below. We think, however, that under the circumstances the appellant should be permitted to answer upon paying costs in the circuit on the demurrer, although the time originally given to answer has already expired.

The order of the circuit court overruling the demurrer is affirmed, and the cause remanded with this direction.

Justice DOWNER dissents in this case.