## CUTLER vs. AINSWORTH.

PLEADING: *due demand of payment.*

|  |  |
|---|---|
| 21 | 381 |
| 108 | 427 |
| 21 | 381 |
| 112 | 625 |

In an action against the indorser of a note payable at a particular place, it is sufficient to allege that when the note became due it was *duly* presented to the maker, and payment *duly* demanded, without expressly alleging presentment to and demand at the place mentioned in the note. *Frankfort Bank v. Countryman*, 11 Wis., 398, followed.

ERROR to the Circuit Court for *Dane* County.

Action below against *Cutler* as indorser of a note payable at the Bank of Madison. The complaint alleged that when the note became due, it was duly presented to the maker, and payment duly demanded, but not made; that the note was thereupon duly protested for non-payment, and due notice given to defendant, &c.

Judgment for plaintiff, in default of an answer; which this action is brought to reverse.

*Spooner & Lamb*, for plaintiff in error.

*Hopkins & Foote*, for defendant in error.

COLE, J. Under the old system of pleading, in a suit to

charge the indorser of a note payable at a particular place, it was undoubtedly necessary to allege and prove presentment and demand at the place specified. In the present case it is alleged that, when the note became due, it was duly presented to the maker, and payment duly demanded. The question is, since the adoption of the code, is this good pleading? In *Frankfort Bank v. Countryman*, 11 Wis., 398, which was an action against an indorser upon a note payable at a particular place, it was held, upon what was deemed the better authority in New York, that presentment and demand at that place was sufficiently alleged where it was averred that "payment of the note was duly demanded at maturity," and that the same was thereupon "protested for non-payment," and "notice thereof duly given." It is said that the presentment and demand of payment of a note payable at a particular place are facts, and should be alleged as such, so that the court can determine whether thay have been." duly " made and done. On questions of this character it is probably more important that some certain rule of pleading be adhered to, than that a particular form of allegations be made. And having already decided, what we think is the manifest intention of the statute, that the provision relating to pleading facts which constitute the performance of conditions precedent applies to this class of actions, we are not disposed to depart from this construction of the law.

As there is no other question in this case, we must affirm the judgment.

*By the Court.*—Judgment affirmed.