Town of Pine Valley vs. Town of Unity.

Actions. *(1, 2) By and against towns, in what name brought.*
Pleading. *(3, 4) Complaint for pauper support against town, what averments sufficient.*

1. An action to recover expenses incurred by the town of A. in aid of a pauper whose settlement is in the town of B., *held* to be properly entitled "Town of A. *v.* Town of B." R. S., ch. 15, sec. 5. A remark to the contrary in *La Crosse v. Melrose*, 22 Wis., 459, corrected.
[2. If an action directed by statute to be brought by town supervisors in their name of office, were brought in the name of the town simply, the court would hesitate to hold on that ground that there was a defect of parties.]
3. On demurrer to the complaint in an action by one town against another for pauper support, an averment that the person cared for was a pauper, is a sufficient averment that he had no means of supporting himself; an averment that he belonged to and had a settlement in the defendant town, is a sufficient averment of a lawful settlement; an averment that plaintiff duly notified defendant, is a sufficient averment of legal notice in all respects; and an averment that a certain indebtedness accrued to the plaintiff against the defendant, for things furnished to such pauper, is a sufficient averment that plaintiff incurred the expense.
4. Whether defendant would have been entitled, upon motion, to have any or all these averments made more definite and certain, is not here decided.

APPEAL from the Circuit Court for *Clark* County.
Action to recover for the support of a pauper. The com-

plaint, after stating that each of the parties, plaintiff and defendant, is an organized town in said county, alleges " that the defendant .... is indebted to the plaintiff .... in the sum of $367.05, over and above all legal setoffs, for and on account of services rendered, provisions and medicines furnished, and medical attendance to and upon one William Chapman, during the year 1874; that said William Chapman, during all that time, was a pauper, having a settlement in the town of Unity; that in May, 1874, the said William Chapman became injured while temporarily in the town of Pine Valley, requiring immediate aid and surgical assistance; that thereupon the plaintiff duly notified the defendant in writing that said Chapman, a pauper belonging to the defendant town, was in said town of Pine Valley, and required immediate aid and assistance; that the said defendant town of Unity was duly notified to take said pauper, and that said plaintiff would hold the said defendant responsible for all expenses incurred in that behalf; that the defendant.... did not remove said pauper, but suffered him to remain in said plaintiff town; and that the indebtedness hereinbefore referred to accrued in favor of the plaintiff and against the defendant as above stated." It then states that the claim was duly presented to the defendant's board of supervisors, and rejected by them; and demands judgment for the amount expended, with costs.

The defendant demurred on the grounds, 1. That there was a defect of parties, both plaintiff and defendant, in that the supervisors of each of the said towns should have been named. 2. That the complaint did not state a cause of action.

Defendant appealed from an order overruling the demurrer.

The cause was submitted by both parties on briefs.

*Raymond & Packard*, for appellant, argued, 1. That the action should have been brought in the name of and against the supervisors of the respective towns. Tay. Stats., 365, § 89; 717, § 4; 720, § 22; 721, § 24; 722, § 29; *City of La Crosse v. Town of Melrose*, 22 Wis., 459. 2. That defendant was

only liable to support paupers having a lawful settlement therein; that the statute defined a legal settlement, and plaintiff should state facts showing that such existed; and that a simple allegation that a person had a settlement was not sufficient. Tay. Stats., ch. 34, §§ 1, 2. 3. That the complaint failed to show that the plaintiff town had incurred the expenses charged; a simple statement that an indebtedness existed on account of them being insufficient. 4. That before action brought, it was absolutely essential that written notice should be served on one at least of the supervisors of the defendant town as required by § 27, ch. 34, Tay. Stats.; but the allegation in the complaint that it was served on the town, would be supported by proof of service on the town clerk, treasurer or even an elector (22 Wis., 459; Tay. Stats., ch. 34, § 29); and that it was also necessary that this notice should have been served thirty days before suit, but the complaint did not show time of service. Tay. Stats., ch. 34, §§ 28, 29. 5. That the statute provides for charging a town in such an action as this, only in case the person aided had no money or other property; that it also provides the cases and manner in which the supervisors of the town rendering aid shall proceed; that these are all conditions precedent to the right of the plaintiff to recover, and should have been alleged. Tay. Stats., ch. 34, § 22; *Supervisors v. Kirby*, 25 Wis., 498.

*R. J. McBride*, for respondent, contended that the intimation in *The City of La Crosse v. The Town of Melrose*, 22 Wis., 459, that such an action as the present should be brought by the supervisors in their name of office, was extra-judicial; that the only statute authorizing any action in that form was sec. 64, ch. 15, R. S., which had no reference to actions of this class; that this act was within the provisions of sec. 5, ch. 15, R. S., which declares that actions by or against a town in its corporate capacity shall be in the name of the town, the town being the real party in interest, and not the supervisors, who are its representatives merely (R. S., ch. 34, sec. 1; *Meyer v.*

*Town of Prairie du Chien*, 9 Wis., 233; *Town of Westfield v. County of Sauk*, 18 id., 624; R. S., ch. 122, sec. 12); that the allegations of fact in the complaint, under our liberal statute in regard to the construction of pleadings for the purpose of determining their effect, were sufficient (R. S., ch. 125, secs. 21, 24; *Smith v. Chicago & N. W. R'y Co.*, 19 Wis., 326; 11 Wis., 419); and that if they were not sufficiently explicit, the remedy was not by demurrer, but by motion to make definite.

RYAN, C. J. Both the towns are properly designated in this action, as provided in sec. 5, ch. 15, R. S. A remark to the contrary in *La Crosse v. Melrose*, 22 Wis., 459, is obviously inadvertent. All actions by and against towns go upon the right or liability of the corporations, not of their officers. And even in actions elsewhere directed to be brought by the supervisors in their name of office, we should hesitate to sustain such an objection as that urged here. *Cairns v. O'Bleness*, *ante*, 469.

On demurrer, the averment that the person cared for by the respondent was a pauper, is a sufficient averment that he had no means of supporting himself; the averment that he belonged to and had a settlement in the appellant town, is a sufficient averment of a lawful settlement; the averment that the respondent duly notified the appellant is a sufficient averment of legal notice in all respects; and the averment that the indebtedness accrued to the respondent against the appellant, for things furnished to the pauper, is a sufficient averment that the respondent incurred the expenses.

Possibly the appellant might have been entitled, upon motion, to have any or all of these averments made more definite and certain. On that we express no opinion. But, under the code, uncertainty of averment cannot support a demurrer. It would certainly be our duty to uphold a judgment on this complaint.

*By the Court.* — The order of the court below is affirmed.