## ALLEN vs. BEEKMAN: MILLER'S APPEAL.

PRACTICE: ORDERS AWARDING ISSUES, ETC.: PRESUMPTIONS. *(1, 2) Presumptions to sustain record. (3) When motions on notice may be heard. (4) What appeal from order brings up. (5) What orders appealable.*

1. An order in a cause after judgment, awarding issues to determine the proper disposition to be made of certain moneys collected on an execu-

tion issued upon such judgment, and paid into court by the sheriff (*Mc-Donald v. Allen*, 37 Wis., 108), recites that the attorneys of M. (one of the claimants) had notice of the application. *Held*, that, in the absence of evidence to the contrary, it must be presumed (upon M.'s appeal from an order denying his motion to set aside said order) that the recital in the record is true.

2. In the absence of such a recital, this court would presume, in favor of the order, that legal notice of the application was given to the appellant, the contrary not appearing.

3. Where causes over which the moving party has no control, and of which, when they occur, the opposite party is bound equally with him to take notice (such as the adjournment of the court), intervene between the time of giving notice of a motion and the time named for the hearing, rendering it impossible to proceed at that time, the moving party may proceed under the *notice already given*, upon the next motion day when he can be heard. *Platt v. Robinson*, 10 Wis., 128.

4. On appeal from an order refusing to vacate an order awarding issues, proceedings in the trial and determination of such issues, and an order giving effect to such determination, cannot be reviewed; but an appeal from the last named order is the proper method to obtain such a review.

5. If the proceeding awarding issues, etc., is an *action* between the parties thereto, no appeal lies from an interlocutory order after judgment has been rendered in such action; and if it is a summary proceeding after judgment in the original suit, an order refusing to vacate the order awarding issues is not appealable, because not *final*. Tay. Stats., 1635, § 11.

APPEAL from the Circuit Court for *Milwaukee* County. The circuit court having made an order in this cause, August 23, 1875, after judgment, awarding issues to determine the proper disposition to be made of certain moneys collected on execution upon such judgment, and paid into court by the sheriff (*McDonald v. Allen*, 37 Wis., 108), and such issues having been determined, apparently without a jury trial, and an order made pursuant to such determination, directing the sheriff to pay over said money in the sums and to the persons therein named, *William Miller*, the assignee of the judgment, obtained an order, in July, 1876, requiring the several persons named in such order of distribution to show cause why the order awarding issues should not be set aside for alleged "irregularities," which were specified as follows: "1. Because no

order to show cause, or written notice, was served upon said *Miller* or his attorney, of any application for an order framing issues in the matter.   2. Because the sheriff's return in respect to the parties entitled to the money, was *ultra vires*.   3. Because there was no action pending in which the parties claiming the moneys were plaintiffs, and said Allen [the judgment plaintiff] or said *Miller*, the assignee, were impleaded as defendants, nor any proper legal showing made to the court of a legal right of the claimants to the money.   4. Because no feigned issue can be awarded in any case without proper pleadings, in which the rights of the parties are distinctly and expressly alleged on the one side, and denied on the other.   5. Because there can be no express or implied waiver of a jury on a feigned issue.   6. Because Levi Hubbell was not, at the time of framing said issues, the attorney of said Allen or of said *Miller*, he having, on the 17th of October, 1874, consented to the substitution of Cottrill & Cary as attorneys for said Allen, and an order having been entered accordingly; and he having never pretended to be the attorney of said *Miller*."

From an order denying this motion, *Miller* appealed.

The case is more fully stated in the opinion.

For the appellant, a brief was filed by *Peter Yates*, and the cause was argued orally by *Alfred L. Cary*.   They contended that, as the assignment to *Miller* of the judgment in favor of Allen was filed with the clerk of the court in which the record was, on the 28th of April, 1875, *Miller* was entitled to notice of any proceeding which was designed to affect his rights under the judgment (Laws of 1860, ch. 284, sec. 1), and in the absence of such notice the proceeding as against him was void; that in the order to show cause why issues should not be awarded, made more than three months after the filing of such assignment, *Miller* was not even named; that the recital in the order framing issues, to the effect that *Miller's* attorneys had had notice of the application, was false in fact, and there was no evidence in the record of its truth; and that

the order to show cause, being returnable August 4, 1875, went down by the failure of the judge to attend on that day. They further contended that under sec. 11, ch. 122, R. S., abolishing feigned issues and providing a substitute, there should have been issues of fact made by *pleadings*, and submitted to a *jury;* and that the circuit court could not direct or frame an issue in this case which would be binding upon the appellant, because it had not acquired jurisdiction over him.    They also contended that all irregularities in the proceedings upon which the order awarding issues was founded, were properly reviewable upon this appeal.    *Hungerford v. Cushing*, 2 Wis., 416.

For the respondent, a brief was filed by *Dixon, Hooker, Wegg & Noyes*, and the cause was argued orally by *D. S. Wegg*.    They contended, 1. That it appeared, from the proofs in the record, that the order to show cause why issues should not be awarded, was duly served upon Messrs. Cottrill & Cary, the appellant's attorneys, and that they had also actual knowledge of the application.    2. That the order did not go down because it was not heard at the time named therein, but the matter went over, as of course, until the next motion day when it could be heard.    *Platt v. Robinson*, 10 Wis., 128. 3. That the record failed to show any substitution of Cottrill & Cary for Mr. Hubbell as Allen's attorney; but the question was unimportant, as notice had been given to the appellant's attorneys.    4. That all of the objections urged, except the fourth and sixth, went clearly to the *merits* of the order awarding issues, and not to mere *irregularities*, and could not be considered on this appeal, but only on an appeal from that order.    5. That as three terms of court had intervened between the order awarding issues and the order to show cause why it should not be set aside, the latter order was too late, whether the objections to the former order therein specified were for irregularities or upon the merits.    *Van Dresar v. Coyle*, 38 Wis., 672.

LYON, J.   This appeal is from an order of the circuit court denying a motion to set aside and vacate a former order awarding issues to determine the proper disposition to be made of certain money collected on an execution issued in the above cause and paid into court by the sheriff.   The order awarding such issues is as follows:

" The order to show cause why an issue should not be formed as to who is or are entitled to the money deposited in court, etc., having come to be heard: on hearing Hon. Levi Hubbell on behalf of the plaintiff, and Edward Sanderson and A. W. Hall, and Messrs. Dixon, Hooker, Wegg & Noyes, on behalf of George W. Cady, Horace W. Cady and Woodward Aul, and the Finley Shoe & Leather Company, and the attorneys of *William Miller* hereinafter named having had notice of this application: It is ordered by this court that the following issues be and are hereby formed between the parties claiming to be interested in said moneys, viz.:

" 1st. Is the judgment recovered in this action fraudulent or void as against the creditors of the defendant, C. Beekman?

" 2d. Who of the several parties interested, including *Wm. Miller*, who holds an assignment of the said judgment, as appears by the record, is or are entitled to the said moneys?

" And it is further ordered that the said issues be tried according to the rules and practice of this court, and that testimony be taken as provided by law and the practice of the court in similar issues; and that the said issues stand for trial at the next term of this court."

The money collected on the execution was paid into court by the sheriff pursuant to the decision of this court in *McDonald, Sheriff, v. Allen*, 37 Wis., 108, in which case we had under consideration the question of practice as to the proper mode of determining who were entitled to the money.   The order awarding the issues is in accordance with the practice there indicated.   It gives all parties interested in the disposi-

tion of the money an opportunity to litigate their respective claims thereto by due judicial procedure, and fully protects the rights of each of them.   It is just such an order as the court ought to have made, and should not be disturbed unless there was some error or irregularity prejudicial to the appellant in the proceedings preliminary thereto.

1. It is claimed that *Miller*, the appellant and assignee of the judgment in the action, had no notice of the motion for an order awarding issues, and hence, that he should not be bound by it.   The record does not sustain the claim.   The order recites that he had notice of the motion, or, what is the same thing, that his attorneys had such notice; and neither he nor his attorneys have seen fit to deny the truth of the recital. We must regard the fact that such notice was given as established by the record before us.   And, indeed, without the recital, probably we should be bound to presume, in favor of the regularity of the order, that legal notice of the motion was given to the appellant — the contrary not appearing.

2. The order to show cause why issues should not be awarded was made returnable August 4, 1875, and the order awarding the issues bears date August 23, 1875.   The motion papers show that the court was not in session on August 4th.   It is claimed on behalf of the appellant, that the proceeding thereby abated, and that a new notice was necessary before the motion could properly be heard.   This position is answered and overruled in *Platt v. Robinson*, 10 Wis., 128, where it is held that, "when causes over which the moving party has no control, intervene between the time of the giving of notice of a motion and the time of hearing, which render it impossible for him to proceed at the time fixed, and of which causes, such as the adjournment of the court in the present instance, the opposite party is bound equally with him to take notice, the notice already given ought to be regarded as sufficient to enable him to proceed under it at the next motion day when it can be heard, and compel the opposite party, if he desires

to oppose it, to be present at such day.    Such, we believe, has been the usual understanding and practice in the circuit court; and there appears to be no hardship or injustice in it."    Per DIXON, C. J., p. 131.

3. The remaining errors assigned seem to relate to the proceedings subsequent to the order awarding issues.    Such proceedings cannot be reviewed on this appeal.    If the circuit court has tried the issues and distributed the money, an appeal from the order of distribution is the proper mode to obtain such review by this court.    Finding no infirmity in the order awarding issues, we must hold that the court properly denied the motion to vacate it.

*By the Court.* — Order affirmed.

On a motion for a rehearing, appellant's counsel contended, 1. That to give the court below jurisdiction to make the order awarding issues, as against the appellant, two things were necessary:    (1) The order to show cause should have named the appellant as a party; but there is no pretense that he is in any way named in such order.        (2) It must have appeared to the court *when the subsequent order was made*, that the order to show cause had been *served* upon appellant's counsel; but the record contains no proof of such service, and the recital in the subsequent order itself that their attorneys had "had notice of this application," is no proof of such service. 2. That since feigned issues are abolished by the statute (R. S., ch. 122, sec. 11), and every action is required to be prosecuted "in the name of the real party in interest" (sec. 12), the controversy between *George W. Cady* and other claimants of the moneys in the sheriff's hands, on the one side, and the appellant, as assignee of the judgment, on the other, should have been by an action in the name of the former against the latter.

The following opinion was filed, upon the motion:  .

PER CURIAM.    We are satisfied that this case was correctly

decided on the grounds stated in the opinion. The decision may be sustained, however, on other grounds. 1. Aside from the recital in the order, the record shows that Messrs. Cottrill and Cary were retained by the appellant in April, 1875, as his attorneys to collect the judgment against the defendant Beekman in the principal action, and that such attorneys were afterwards duly served with the order to show cause why issues should not be awarded.

2. The record on this appeal shows that the issues awarded were determined by the final order or judgment of the circuit court, long before this appeal was taken. If the proceedings be regarded as in the nature of an action between the claimants of the moneys paid into court by the sheriff, we have here an appeal from an interlocutory order, taken after final judgment. Such appeals are not allowed. *American Buttonhole and Sewing Machine Co. v. Gurnee*, 38 Wis., 533; *Victor Sewing Machine Co. v. Heller*, 41 id., 657.

3. If this is a summary proceeding after judgment in the action of *Allen v. Beekman*, the order appealed from is not appealable, because not final. Tay. Stats., 1635, § 11.

Perhaps the appeal should have been dismissed for the reason that the order is not appealable; but as an affirmance of the order leads to the same result, we do not care to disturb the decision already made.

Motion denied.