WALLACE vs. CRILLEY, imp

PROMISSORY NOTE: PRESENTMENT: PLEADING.  *(1) Rule as to place of presentment.  (2) Averment thereof in complaint.*

1. The presentment of a promissory note for payment, required in order to charge the indorser, may be at his place of business.
2. An averment that the note was presented at the maker's office, and that " payment was then and there duly demanded," and refused, *held* equivalent to an averment that the note was presented within usual business hours, and (if that be necessary) that it was presented to the maker or some one authorized to answer for him.  *Bank v. Countryman*, 11 Wis., 399, approved; and *Duckert v. Von Lileinthal*, id., 57, explained.

APPEAL from the County Court of *Milwaukee* County.

The case is stated in the opinion.  The defendant *Crilley* appealed from a judgment in favor of the plaintiff.

Brief for the appellant by *Johnson, Rietbrock & Halsey,* and oral argument by *Mr. Johnson.*

Brief for the respondent by *G. C. Markham* and *E. P. Smith*, and oral argument by *Mr. Smith.*

TAYLOR, J.   This action is brought upon a promissory note, given by the defendant Sears, and indorsed by the defendant and appellant *Crilley.*   Neither of the defendants appeared or put in any answer or demurrer in the court below, and judgment for the amount of the note and costs of suit was rendered against both defendants.   *Crilley* appealed from the judgment, and assigns as error, that the complaint does not state facts sufficient to constitute a cause of action against him.

The point made is, that the complaint does not show that the note was presented to the maker thereof for payment, and payment thereof demanded, at the maturity of said note.   The following are the allegations of the complaint upon that subject:  " And the plaintiff further says that, when said note became due and payable, the same was presented at the office of the maker of said note, the defendant William G. Sears, in

the chamber of commerce building in the city of Milwaukee, Wisconsin, for payment, and that payment was then and there duly demanded upon said note, and payment thereof was then and there refused." The complaint contains a proper allegation of protest for nonpayment, and notice of such nonpayment given to the said defendant *Crilley*.

The appellant insists that a presentation and demand of payment at the place of business of the maker is not sufficient; that the demand must be made personally of the maker, and, if not so made, the excuse for not making such presentment must be set out in the complaint.

We think the learned counsel for the appellant misapprehends the rule. Story, in his work on bills of exchange, says: "When it is said that the 'bill must be presented for acceptance, at the place of the domicil of the drawee,' we are to understand by this expression, the town, city, village, or other municipality, within which he has his residence. But in many cases the holder will have an election as to the place of presentment. Thus, for example, if the drawee has his home or domestic establishment in one town, and his place of business is in another town, a presentment made at either place will be good. So, if the drawee has his dwelling-house or home in one part of the same town, and his place of business in another part, a presentment may be made at either, at the option of the holder." Sec. 236, and notes.

The same rule applies to the presentation of promissory notes, when such presentation and demand of, payment are necessary to charge an indorser. See *Shed v. Brett and Trustees*, 1 Pick., 413; *Williams v. Bank of the United States*, 2 Peters, 96; *Ogden v. Cowley*, 2 Johns. R., 274.

In the case at bar, the complaint alleges that the note in question was presented at the office of the maker, Sears, in the city of Milwaukee; and, there being no answer, it must be taken as true that the maker had an office or place of business in the city of Milwaukee, and that the presentation of

the note for payment at such office was a proper presentation.

The learned counsel also insists that the complaint is defective in not stating that the note was presented to the maker, and a demand of payment made of him, or of some other person who was authorized by such maker to receive and answer such presentment and demand. We think this objection is answered by the allegation in the complaint, "that payment was then and there duly demanded upon said note, and that payment was then and there refused." It having been shown that the office was the proper place to present and demand payment of the note, the above allegation that payment was then and there duly demanded and refused, is equivalent to an allegation that the same was presented within the usual business hours, and, if it be necessary to show that it was presented to the maker, or to some one authorized to answer for him (which we very much doubt), that it was so presented.

This court held in the case of *Bank v. Countryman*, 11 Wis., 399, that, in an action against an indorser of a promissory note, it was sufficient if the complaint alleged in general words "that payment of the note was duly demanded at maturity," without any further statement as to the time or place of demand, or of the person of whom such payment was demanded. In that case the court say: "This manner of stating the demand of payment, and notice of the demand and nonpayment to the indorser, has been held to be sufficient in New York since the adoption of the code, and we have no doubt but those decisions are in conformity to the spirit of that enactment. We are disposed to follow these decisions upon this point, and to hold that such a general statement of the performance of the conditions precedent to a party's right to recover against the indorser is sufficient." The rule laid down in this case has been followed and approved in *Smith v. Railway Co.*, 19 Wis., 326–331; *Cutler v. Ainsworth*, 21

Wis., 381; *Town of Pine Valley v. Town of Unity*, 40 Wis., 682. In the last case, which was an action brought to recover for the support of a pauper, in which it was necessary, in order to entitle the plaintiff to recover, to prove that a written notice had been given by the supervisors of the complaining town, to one or more of the supervisors of the defendant town, before suit brought, stating therein certain matters as prescribed by law, it was held that an averment in the complaint that the plaintiff duly notified the defendant, was a sufficient averment of legal notice in all respects. These cases clearly show that the objections taken by the learned counsel for the appellant in this case cannot be supported, and that the complaint states a good cause of action against the appellant.

The cases above cited are not in conflict with the decision in *Duckert v. Von Lileinthal*, 11 Wis., 57, cited by the learned counsel for the appellant, and relied upon by him to sustain his objections to the complaint in the case at bar. In that case there was no evidence given on the trial of any demand of payment of the maker of the note, except what was contained in the certificate of the notary. The court held that such certificate was not evidence of the contents of the notice served, and the judgment was reversed on that ground. What was said further in the case by the late learned Justice PAINE, was not necessary to the determination of the case. The statement made by Justice PAINE, that "the certificate should show presentment to the maker, or its legal equivalent, and should not be left to intendment or presumption," was clearly not intended by him to apply to the allegations necessary in a complaint. He was speaking of the proof necessary to be given on the trial, to prove the truth of the allegation that presentment had been duly made and payment duly demanded. That he intended to limit this statement to the proof to be made, and not to the allegations necessary to be embodied in the complaint, is clear from the fact that he assented to the

decision made in *Frankfort Bank v. Countryman, supra,* decided at the same term.

*By the Court.*—The judgment of the county court is affirmed.