## KUSTERER vs. THE CITY OF BEAVER DAM.

*March 30 — April 19, 1881.*

*Pleading notice: when averment of " due notice " sufficient.*

Where a city charter provides that the city shall not be liable for any damage caused by any defect in a sidewalk therein, "unless the *street commissioner* shall have first had *actual notice* of such defect and reasonable time thereafter to repair the same," a complaint for such damage which alleges that *the city* had " due notice " of the defect, is *held* sufficient on demurrer; though plaintiff might, perhaps, on motion for that purpose, have been required to make the complaint more definite and certain in respect to the *manner* of such notice.

APPEAL from the County Court of *Dodge* County.

Action to recover damages for injuries to the plaintiff's person, alleged to have been caused by the negligence of the defendant city in permitting a sidewalk upon one of its public streets to become and remain out of repair. Defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action; and it appealed from an order overruling the demurrer. The case is further stated in the opinion.

The cause was submitted on the brief of *H. W. Lander* for the appellant, and that of *E. P. Smith* and *J. J. Dick* for the respondent.

TAYLOR, J. The learned counsel for the appellant assigns for error, in this court, that the complaint does not state facts sufficient to constitute a cause of action, because it does not allege such notice to the city of the defect in the sidewalk as the charter of said city requires shall be given before the city shall incur any liability on account of such defect. The allegation in the complaint upon the subject is as follows: " That said defendant, having due notice thereof, and of the said condition of said sidewalk, negligently, during all the time aforesaid, suffered and permitted the said sidewalk, at the place

aforesaid, to remain and continue in the said ruinous, dilapidated and dangerous condition, and without any protection or notice to citizens and travelers, or to the public, against accidents therefrom."

The plaintiff had before in his complaint alleged, that, by the charter and ordinances of said city, the said street and sidewalk were under the care, control and management of the city, and that said city was at all times bound to keep and maintain the same in good and safe repair; and he had also alleged that for several weeks prior to the accident the sidewalk where it occurred had been, and was all that time, in a ruinous and dangerous condition, specifying particularly the condition of the same. The learned counsel for the appellant insist that the general allegation that the city had due notice of the defect in the sidewalk is not a sufficient allegation to charge the city with the consequences resulting from such defect, because the charter provides that notice of the defect must be brought to the knowledge of the street commissioner before any liability shall attach to the city. The following is the provision of the charter upon that subject:

"Neither the said city nor any ward thereof, nor any officer within said city, shall be liable for any damage that may happen by reason of any defect in any sidewalk in said city, unless the street commissioner shall have first had actual notice of such defect, and reasonable time thereafter to repair the same." Section 5, title 7, ch. 112, Laws of 1878, being the city charter.

It is not denied by the learned counsel for the city that, if the plaintiff could prove upon the trial that the street commissioner had timely notice of the defect complained of as provided by the charter, and had failed to repair the same, or in some other way protect the public and travelers against such defect, the city would be liable for any injury occurring by reason thereof to any traveler passing along the sidewalk. This, we think, is the true construction of this provision. It was not intended to relieve the city from all liability

for injuries resulting from defects in its public walks, and cast such liability upon the street commissioner as a consequence of his neglect of duty. It is more than probable that, without this provision in the charter, a notice of defect in a sidewalk or street, given to the street commissioner, would be notice to the city of which he was a street commissioner. In this view of the case, we think the provision of the charter was intended simply to declare that the notice to the city of a defect in a sidewalk shall be given in a particular way, to wit, by notice to its street commissioner, who, by its charter, is made the officer whose duty it is to see that the same are kept in repair. Giving this construction to the defendant's charter, which we think the most reasonable one, the notice required is in fact a notice to the city, although in form given to one of its officers; and in pleading such notice it is no more necessary to set out how the notice was given, than it would have been had the common rule applied, which would have made notice to the commissioner notice to the city without the aid of the statute.

Under the decisions of this court, neither cities nor towns are liable for damages caused by defects in their highways, occurring after their construction, unless they have notice thereof. Such notice is always proved by showing that some officer of the city or town, whose duty it is to see that such highways are kept in good condition, had notice of the defect, or else showing that the defect had existed so long that notice thereof would be presumed; yet the rule in pleading such notice has been to charge notice generally, without stating how or by what means the city or town was notified thereof. The decision of this court in the case of the *Town of Pine Valley v. Town of Unity*, 40 Wis., 682, must control this case. In that case an allegation that the plaintiff duly notified the defendant town in writing was held a sufficient allegation of notice, although the statute required that the notice should be given in writing by the supervisors of the plaintiff town to the supervisors of the defendant town. This decision was

clearly founded upon the principle that the notice to the supervisors was intended by the law as a notice to the town for the purpose of charging the town with a liability as such. An allegation, therefore, of due notice to the town was sufficient without stating how the notice was given. So, in the case at bar, the notice to the street commissioner of the defendant is a notice required to be given to the city for the purpose of charging it with a liability as such city, and for no other purpose; and the general allegation that the city had due notice is sufficient upon demurrer. If the defendant city wanted to raise the question whether any other notice than the one required to be given by the statute would render the city liable for the injury, it might have made a motion requiring the plaintiff to make his complaint more definite and certain in this respect by setting out in what way or manner the city had notice of the defect; but it cannot raise that question by a general demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

As we hold that the complaint sufficiently charges the notice to the city which the charter requires should be given before it shall become liable for damages claimed by the plaintiff, it is wholly unnecessary to pass upon the question of the constitutionality of the provision of the charter relied upon by the learned counsel for the city.

*By the Court.*— The order of the county court is affirmed, and the cause remanded for further proceedings according to law.