BUCKSTAFF, Appellant, vs. CITY OF OSHKOSH, Respondent..

*February 19 — March 10, 1896.*

*Health officer: Powers: Action to restrain city from maintaining isola-· tion hospital in town.*

The health officer of a town has no authority under sec. 2, ch. 167,. Laws of 1883 (making it his duty to take such measures for the prevention, suppression, and control of contagious diseases as· may in his judgment be needful and proper), or otherwise, to·· maintain an action in his official capacity to restrain a city from· maintaining a hospital for contagious diseases in his town, on the ground that it is detrimental to the health of the inhabitants of the town. If such action can be maintained at all, the town itself· is the proper plaintiff.

APPEAL from an order of the county court of Winnebago· county: C. D. CLEVELAND, Judge. *Affirmed.*

Plaintiff was health officer of the town of Algoma, Winnebago ·county. The board of health directed him to bring· an action against the city of *Oshkosh* to restrain such city permanently from maintaining an isolation hospital as a place for the removal to and care for persons found in such· city afflicted with smallpox and other contagious diseases,.

which hospital the defendant had established near one of the public highways in said town. The plaintiff set forth these facts, and by appropriate allegations, also, that the maintenance of such hospital would endanger the health of the people of the town of Algoma and all persons who might travel along the highway near which such hospital was maintained. The defendant demurred to the complaint upon two grounds: (1) That the plaintiff has no legal capacity to sue, and (2) that the complaint fails to state a cause of action. The demurrer was sustained, and from the order entered this appeal was taken.

*B. E. Van Keuren*, for the appellant, cited *Wendel v. Durbin*, 26 Wis. 392; *Cutler v. Howard*, 9 id. 309; *DuPage Co. v. Jenks*, 65 Ill. 285; *Ventress v. Smith*, 10 Pet. 169; *People ex rel. Wood v. Lacombe*, 99 N. Y. 49; *Custin v. Viroqua*, 67 Wis. 319; *Gregory v. New York*, 40 N. Y. 279; *Coe v. Schultz*, 47 Barb. 69, 70; *Staples v. Plymouth Co.* 62 Iowa, 366; *Belcher v. Farrar*, 8 Allen, 325; *Winthrop v. Farrar*, 11 id. 400, 403; *Taunton v. Taylor*, 116 Mass. 254, 260, 262.

*J. H. Davidson*, for the respondent.

MARSHALL, J. Looking at the complaint in the most favorable light for appellant, it was made and the action brought by him, in his official capacity as health officer of the town of Algoma, to restrain the defendant from maintaining therein a public nuisance, detrimental to the health of people generally, and particularly of the people of such town. We are unable to see any ground whatever for the claim that plaintiff has legal capacity to maintain this action. He is the mere agent or executive officer of the board of health, and in no sense the proper party plaintiff to prosecute a suit on behalf either of the board of health or the inhabitants of the town.

Our attention is called to *Winthrop v. Farrar*, 11 Allen, 398, in support of the complaint; but there the action was

in the name of the town, not of the board of health or health officer. So, in *Taunton v. Taylor*, 116 Mass. 254, also cited in support of the complaint, there was a board of health, similar to boards of health in towns under the system in this state. Such board, under its power to prevent nuisances, made an order prohibiting the carrying on of an offensive vocation, and, upon violation of such order, an action in equity was brought to restrain the exercise of the prohibited trade, but in the name of the municipal corporation. Power was conferred on the board, by law, to enter the order prohibiting the carrying on of the objectionable business, and to take all necessary means to enforce such order. It was held that its action in that regard was in behalf of all the inhabitants of the municipality, and that the action was properly maintainable in its name. The example of that case furnishes ample authority, if any is needed, against the contention of appellant; but see, also, *Quincy v. Kennard*, 151 Mass. 563; *Comm. v. Parks*, 155 Mass. 531.

We conclude that there is no power, express or implied, under sec. 2, ch. 167, Laws of 1883,[1] upon which plaintiff mainly relies, authorizing the health officer to take such measures for the prevention, suppression, and control of the diseases mentioned in such chapter, or under any provision of such chapter, or otherwise, for the maintenance of this action, either in his own name or in the name of the board of health. If maintainable at all on behalf of the inhabitants of the town, then *it* is the proper party plaintiff, as the town of Algoma. Sec. 773, R. S.; *Pine Valley v. Unity*, 40 Wis. 682. But, whether the action lies, or if so, whether it

---

[1] Sec. 2, ch. 167, Laws of 1883, provides, among other things, that "it shall be the duty of such health officer at all times promptly to take such measures for the prevention, suppression and control of the diseases herein named as may in his judgment be needful and proper, subject to the approval of the board of which he is a member." — REP.

can be instituted without authority conferred by the elect-
ors, we need not, and do not undertake to, decide.

*By the Court.*— The order of the county court sustaining
the demurrer to the complaint is affirmed.

