David R. Shelton

v.

William O'Riley.

*Practice—Verdict—Effect of in Law—Weight of Evidence.*

The verdict of a jury upon a question of fact alone which has been fairly

submitted, must stand, although it may appear to be against the weight of evidence, unless it is apparent on the face of the record that the jury were actuated by passion or prejudice.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Warren County; the Hon. P. H. SANFORD, Judge, presiding.

Messrs. F. S. MURPHY and JAMES W. DAVIDSON, for appellant.

Mr. M. M. LUCY, for appellee.

UPTON, P. J. The question in this case is purely one of fact, uninfluenced by any ruling of the trial court complained of by either party, and if the evidence is sufficient to support the verdict, it is conceded the judgment below must be affirmed.

The facts presented by this record are briefly these: On the 6th of December, 1887, appellee purchased of appellant a stalk field of about sixty-five acres for cattle pasturage, and for which he paid the sum of $40. This field adjoined on the north, the right of way of the Chicago, California and Santa Fe Ry. Co., which right of way was then unfenced, but when fenced would inclose this stalk field for a distance of about 180 rods. Both parties to this contract doubtless contemplated that the railway company would build the fence along the right of way, as it was legally bound to do, and assurances were given the parties that it would be built in November or December of 1887. Appellee contended in the court below, and now insists, that appellant at the time of such purchase obligated himself to build the fence along the said right of way within a few weeks from the time of such purchase, to enable him to pasture his cattle therein, without which the stalk field would be of no value. Appellee, when upon the stand as a witness, testified to the facts before stated, supported in whole or in part by three other witnesses, as to the fencing of the field by appellant as stated above.

Appellant's testimony in the court below flatly contradicts that contention and is supported in whole or in part by three other witnesses. The jury, as was their right, accepted the version of appellee.

It may not be improper for us to remark that under the evidence disclosed in this record we should have been better satisfied if the verdict had been given and the judgment rendered the other way. Yet it is a rule of law, that by a verdict of a jury upon a question of fact alone, when fairly submitted, the successful party obtains certain rights which are recognized by the law, and that such verdict must stand, although it may appear to be against the weight of the evidence, unless it is apparent upon the face of the record that the jury were actuated by passion or prejudice. That rule is particularly applicable in the case at bar, since two juries have found upon the facts the same way. Under the application of that rule, which is too well established to be disregarded, we feel constrained to affirm the judgment below, and it is affirmed accordingly.

*Judgment affirmed.*