## City of Rock Island
## v.
## William McEniry.

*Municipal Corporations—Action by City Attorney to Recover for Services Rendered outside County—Construction of Ordinance—Estoppel—Practice —New Trial—Sufficiency of Evidence to Support Verdict.*

1.   A court is not bound to grant a motion for a new trial because both parties may assent thereto.

2.   A city council has power to rescind a vote to pay a certain sum in settlement of a contested claim so long as such action of the council remains executory.

[Opinion filed May 21, 1891.]

Appeal from the Circuit Court of Rock Island County; the Hon. Arthur A. Smith, Judge, presiding.

Mr. Joseph L. Haas, for appellant.

Mr. J. T. Kenworthy, for appellee.

Upton, J.   This action was assumpsit, brought by appellee for services claimed to have been rendered to and for the appellant by him while acting as the attorney of appellant, duly elected, in suits and business of the appellant city outside the county of Rock Island.   It is conceded that appellee was duly elected as such city attorney, qualified for and acted as such during the time of the services for which he now seeks compensation, and that for and during the entire period of service the following ordinance of the appellant city was in force and effect, viz.: " The city attorney shall receive a salary of six hundred dollars per annum, and a reasonable compensation for professional services rendered in suits and business outside of the county of Rock Island."   It is conceded that during appellee's incumbency of the office of city attorney of appellant city, several suits were pending in the Henry County Court, in which the appellant was plaintiff;   that one suit was also pending and was determined in the Appellate Court of the Second District, in which the appellant city was a party, and one suit pending which was heard and determined in the Supreme Court to which appellant city was a party also. These several suits arose in reference to certain ordinances enacted by the municipal authorities of the appellant city regarding the construction and maintenance of an abattoir, or public slaughter-house, in the appellant city.

Appellee claims that he rendered the services here sought compensation for in his capacity as such city attorney for appellant in that litigation.   Appellee in June, 1889, presented to the appellant city council, at a regular meeting

thereof, an itemized bill or claim for such services aggregating
$630, which was referred to the committee on claims of the
council, which committee made report therein in favor of its
allowance, but the claim was not allowed. Thereafter the
city council took up and considered the claim on two occa-
sions and upon each occasion refused its allowance. In
November, 1889, a special committee was appointed on the
petition of appellee by the city council, to which the appel-
lee's claim was referred for examination and report, which com-
mittee failed to find that any sum was due appellee, but
reported that appellee would accept the sum of $500 in full
payment of his entire claim. The city council thereupon
voted to allow appellee $500 in settlement and compromise of
such claim. On the next subsequent meeting of that council
its former action allowing the claim was reconsidered and it
refused to pay anything upon such claim. Appellee then
claimed that appellant city, having voted to allow his claim at
$500, could not thereafter rescind its action; that its allowance
constituted a settlement thereof, and he demanded a warrant
for that amount, which was refused. This action on the part
of the city council in rescinding its previous recited order, in
voting to allow appellee $500 as a compromise of his claim,
was objected to by appellee when offered in evidence on the
trial in the court below, but the court admitted the evidence
and appellee excepted thereto and the case was then tried on
a *quantum meruit.* There have been two trials. The first
trial was with a jury resulting in a verdict for the appellee
in the sum of $475, which verdict being set aside, on motion
a second trial was had, with a jury, and substantially under
like evidence and rulings by the trial court, resulting in a
judgment for the appellee in the sum of $288; a motion for a
new trial having been interposed by appellant, appellee con-
fessed said motion in open court and the several causes in said
motion assigned, but the trial court of its own motion over-
ruled the same and rendered a judgment on the verdict, to
which exceptions were taken by both parties, and the defend-
ant below appealed to this court.

It is conceded that appellee held the office of city attorney
for the appellant city from the spring of 1887 to the spring

of 1889. Appellant's counsel here ask our consideration and determination of the following questions as proposed by it:

First. Does the ordinance recited apply to the case presented by appellee?

Second. If so, did he render such service?

Third. If so, were the interests of appellant subserved thereby?

Fourth. Conceding an affirmative answer to be given to each of the foregoing questions, what are such services reasonably worth?

The first question propounded is one of law, to which we answer, that, in our judgment, the case made by the evidence in this record is within the letter and spirit of the ordinance providing for a reasonable compensation to its city attorney (appellee) for professional services rendered in suits and business outside the county of Rock Island over and above the amount of the salary of such attorney of $600.

The other questions are entirely questions of fact, and if the evidence in this record on the part of the appellee (plaintiff below) is sufficient to warrant the jury in their findings and in the verdict rendered, the judgment of the Circuit Court thereon ought not to be disturbed, the rule of law being that the verdict of a jury upon questions of fact alone, which have been fairly submitted, must stand, although it may appear to be against the weight of the evidence, unless it is apparent on the face of the record that the jury were actuated by passion or prejudice. Shelton v. O'Riley, 32 Ill. App. 640, and many other cases in this State to the like effect, not necessary to be cited.

From a careful examination of this record we are inclined to think the evidence supports the verdict. It is true that according to the testimony of the witnesses for the appellant the services rendered by appellee were of small value, not exceeding $110; on the other hand, the appellee's witnesses place the value thereof at from $500 to $1,000. From all the evidence we are inclined to think that the witnesses for the appellant rather underestimated the value of appellee's services, and took rather a narrow view of their merit. Appellee was in these cases, as it appears, for some time asso-

ciated with other counsel, it is true. The case in the Supreme Court, it seems appellee took charge of, with other counsel which he employed; in view of the further fact that he personally attended in part to the case in this court we are inclined to think the jury were warranted in their finding, and that we would not be justified in interfering with the verdict rendered. But it is insisted that the trial court should have granted appellant's motion for a new trial, because both appellant and appellee *assented* thereto, and hence the trial court was in error in refusing a new trial. In other words, it is insisted as a matter of law and right that the courts of this State must allow a re-trial or rehearing in all cases where both parties agree thereto, and the courts before whom such cases are pending have no discretion in that regard. We are not prepared to yield or assent to that proposition. We think the court had full power to grant or refuse the new trial in the case at bar on the motion made therefor, *with or without the consent of either party, or even without any motion being filed by either party therefor, if satisfied that the ends of justice would be best subserved thereby, or required it to be done.* We regard that as one of the discretionary powers of the courts necessarily incident thereto for the furtherance of justice in judicial proceedings. Any other rule would be promotive of endless litigation, productive of little, if any, good, in our judgment.

The trial court did not err in holding that the appellant, by the vote of its council to pay appellee the sum of $500 as a compromise of his itemized claim for $630, were estopped from rescinding such vote at a subsequent meeting of its council. Its power to rescind former action continued so long as that former action remained executory; until that time it was, in effect, but a proposition for the settlement of appellee's claim, unexecuted, binding upon neither party, and subject to be accepted or rejected by either party. No complaint is made as to the giving, refusing or modification of instructions asked or given the jury on the trial, and finding no reversible error in this record, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*