## PHELAN v. RUIZ.

THE Court below may refuse a new trial, even though both parties consent to it. Where a case has been once fully tried, parties have not an arbitrary discretion to renew the litigation.

Such refusal is no ground of error, particularly in an equity case, where there may have been no necessity for new trial, as upon application to the Court, upon the pleadings and facts before it, the proper decree might have been rendered, notwithstanding the verdict; or, if refused, the error corrected by appeal.

APPEAL from the Second District.

Suit to enforce a mechanic's lien.    Verdict for defendant.    Plaintiff appeals.

*E. W. F. Sloan*, for Appellant.

*Eugene Lies*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The only error assigned by the appellant is the refusal of the Court to grant a new trial, when the motion was made by the plaintiff, and the defendant consented to the granting of it.

But this refusal is not necessarily an error.    After a cause has been once fully tried and determined, the parties have not an arbitrary discretion to renew the litigation as, and to any extent, they may please. They cannot dispose of the time of the Court at their own pleasure. If so, Courts of Justice might be turned into Moot Courts, for the mere amusement of lawyers concerned in a trial.    When a Court sees that a case has been fully heard and properly disposed of, it may, in its discretion, refuse to try it over, although the parties consent to the retrial.

Besides, it seems that this was an equity case, and there may have been no necessity for a new trial, as upon application to the Court, upon the pleadings and facts before it, the proper decree might have been rendered, notwithstanding the verdict; or if refused, the error corrected by appeal.

Judgment affirmed.