## CITY OF PHILADELPHIA v. J. C. COULSTON.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Re-argued January 6, 1888—Decided February 6, 1888.

1. Whilst it is true, as a general rule, that a judgment, though final, is under the control of the court during the term at which it is entered, and that after that term the court is without power to vacate or strike it

off, yet an agreement to treat a judgment as a nullity may be implied from the solemn acts of the parties in their dealings with the court.

2. An office judgment was signed for want of a plea. A plea was filed the next day by the defendant, and the same day the plaintiff filed a replication. Subsequently, an agreement was filed that no continuance should be allowed at the instance of the defendant. Afterwards a trial by jury was had, resulting in a verdict for the defendant: *Held*, that under the facts and circumstances there was a mutual relinquishment of the judgment, and an authorization of the court to vacate it as by consent of parties.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 105 January Term 1887, Sup. Ct.; court below, No. 3 M. L. D. September Term 1876, C. P. No. 4.

The cause originally was a scire facias sur a municipal claim for paving, filed by the city of Philadelphia, to the use of McManus & O'Rourke, against J. C. Coulston, as the owner of a lot in the Twenty-fifth ward.

The claim, for $1,065.75, was filed October 10, 1876. On September 16, 1881, a writ of scire facias thereon was issued, and an affidavit of defence was filed on October 21st. On November 26, 1881, a rule for judgment for want of a sufficient affidavit of defence was discharged. On June 5, 1885, on præcipe of the plaintiff's attorney, a judgment of revival of the lien of said claim was entered, in accordance with the provisions of the act of June 27, 1883, P. L. 161. A rule upon the defendant to plead was filed on August 12, 1885, and on September 28th, on proof of service, judgment was entered for want of a plea, and liquidated at $1,670.52. On the next day, a plea was filed by the defendant with a rule to reply, and the same day the plaintiff filed a replication. On January 21, 1886, an agreement was filed that no continuance at the instance of the defendant should be allowed.

On April 5, 1886, a jury was called and a verdict rendered for the defendant. On June 11, 1886, a rule for a new trial was made absolute.

On September 21, 1886, on motion of the defendant, a rule was granted to show cause why the judgment for want of a plea, entered on September 28, 1885, should not be stricken off, for the reasons following:

Arguments.

1. Because the plaintiff accepted from the defendant a plea filed on September 29, 1885.

2. Because the plaintiff replied to said plea on September 29, 1885.

3. Because the plaintiff joined issue with the defendant on the aforesaid plea and replication, and on an additional plea, filed April 5, 1886, went to trial before a jury impaneled on the same day.

This rule was made absolute on September 25th, and on the same day a rule was granted to show cause why the judgment of revival under the act of June 27, 1883, entered June 5, 1885, should not be stricken off, which rule was made absolute on October 9th.

The additional plea filed by the defendant set up the expiration of the lien of the claim, and at the trial on November 8, 1886, the jury under the direction of the court returned a verdict for the defendant. Judgment being entered, the plaintiff took this writ, assigning that the court erred, inter alia, in striking off the judgment entered on September 28, 1885, for want of a plea.

On February 7, 1887, this court affirmed the judgment of the court below upon another specification of error, raised on the ground that the said act of June 27, 1883, was unconstitutional. The cause is reported, with others of like nature heard together, in 115 Pa. 291.

On February 14, 1887, on petition of the plaintiff, a reargument was ordered upon the question of the power of the Court of Common Pleas to strike off a judgment regular on its face, under the circumstances of this case.

*Mr. Pierce Archer,* for the plaintiff in error :

The order of the court on September 25, 1886, striking off the judgment entered for want of a plea on September 28, 1885, was clearly irregular, especially as the order was made after the term at which the judgment was entered. Had the judgment been merely opened one year after the default, the order would have been a matter of discretion and not reviewable ; but to strike it off absolutely when regular on its face, whereby the plaintiff's lien was lost, was clearly error : O'Hara

v. Baum, 82 Pa. 419. The causes assigned were all subsequent to the entry of the judgment, pleading over, trial, etc., which were grounds for opening only: Shaffer v. Brobst, 9 S. & R. 85 ; Horner v. Hower, 39 Pa. 126 ; Humphreys v. Rawn, 8 W. 78 ; Mitchell on Rules, 4 ; Crosby v. Massey, 1 P. & W. 229 ; Commonwealth v. Howard, 11 W. N. 81 ; Marks v. Russell, 40 Pa. 372 ; Sellers v. Burk, 47 Pa. 344. Not one of the cases relied upon by the defendant are cases of striking off a judgment regular on its face. Not one of them decides that the striking off of such a judgment is discretionary.

*Mr. F. Carroll Brewster*, for the defendant in error :

1. The plaintiff had no right to enter his judgment under the practice ; his rule having been entered in vacation, the plea was in time. He did not stand upon his judgment after he signed it, three times afterwards treating it as a nullity. It is now over ten years since the claim was filed, and over six years since the scire facias was issued. The lien expired by the plaintiff's laches : vigilantibus non dormientibus.

2. There is no distinction in law between the power to open, set aside, vacate, take off, or strike off a judgment. In Hutchinson v. Ledlie, 36 Pa. 112, a regular judgment was stricken off for matter dehors the record. In Knox v. Flack, 22 Pa. 337, the court below was reversed for a refusal to strike off or open, and this before the act of April 4, 1877, P. L. 53, giving a writ of error to a refusal to open ; so in Banning v. Taylor, 24 Pa. 289 ; Martin v. Rex, 6 S. & R. 296. In Kellogg v. Krauser, 14 S. & R. 137, the power to strike off a judgment entered on warrant of attorney, was said to be no longer a matter of doubt.

3. A motion to open or strike off a judgment, is addressed to the sound discretion of the court, and is not reviewable : White v. Leeds, 51 Pa. 187 ; Nice v. Bowman, 6 W. 26 ; McKee v. Sanford, 25 Pa. 105 ; Bunce v. Wightman, 29 Pa. 335 ; Withers v. Haines, 2 Pa. 435. There is no case to be found where this court reversed the court below for opening or striking off, or for doing one instead of the other.

4. Five years are given a claimant to obtain his judgment after scire facias issued. The law does not recognize a possibility that by due diligence a judgment cannot be obtained

within that time: Meason's Est., 4 W. 344; Philadelphia v. Scott, 93 Pa. 25; Ward v. Patterson, 46 Pa. 372.

OPINION, MR. JUSTICE CLARK:

This action was a scire facias upon a municipal claim against a lot of ground situate in the Twenty-fifth ward, of the city of Philadelphia, for paving, curbing, etc., under what is known as the foot-front rule. The lien was filed October 10, 1876, and the scire facias issued September 16, 1881. On August 12, 1885, a rule to plead was entered, and on September 28, 1885, judgment was taken for want of a plea. On the next day, the defendant, apparently ignorant of the entry of judgment, tendered his plea, and entered a rule for a replication; the plaintiff, disregarding his judgment, filed a replication on the same day. On January 21, 1886, an agreement was filed that no continuance of the cause at the instance of the defendant, would be allowed, and on April 5th following a jury was called, a trial had on the merits, and a verdict rendered for the defendant. On June 11th, a rule for a new trial was made absolute, and on September 25th the judgment for want of a plea was stricken off; subsequently a second trial was had, which also resulted in a judgment for the defendant.

The contention of the plaintiff in error is, that the court had no power to strike off the judgment, which had been taken for want of a plea.

It is certainly true that whilst all judgments, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered; after the term is ended, however, if the judgments have been regularly obtained, the power of the court to vacate or strike off, as a general rule, ceases. We do not understand this general principle of the law to be seriously questioned. But if the parties agree, the court may at any time strike off a judgment, in order that they may be remitted to their rights as if no judgment had been entered. That agreement may either be submitted in writing, or orally stated in the presence of the court; and we think it may in some cases be fairly implied from the solemn acts of the parties in their dealings with the court. The judgment in this instance, as we have said, was entered by default on September 28, 1885, and on the next

day the defendant tendered his plea. This tender of a plea, the acceptance of it by the plaintiff, the filing of a replication, the agreement that there should be no continuance, and the subsequent trial of the issue on the merits without objection, must, we think, be regarded as a virtual relinquishment of the judgment, and an authorization of the court to strike it off, as by the consent of the parties.

The plaintiff could not have been ignorant of the fact that the judgment was entered, for it was entered upon his own application, and if he relied upon it, why did he join issue with the defendant upon the matters involved in the issue, and go to trial upon the merits as if no judgment existed? Such a course of procedure is susceptible of explanation, consistent with fair dealing with the court, only upon the assumption that the judgment by default was to be set aside, and that the cause was to proceed upon its merits. This implication fairly arises out of the acts of the parties, as they are written in the record before us, and we think the court was justified in striking off the judgment.

The order of the Court of Common Pleas striking off the judgment for want of a plea is therefore affirmed.