(117 N. W. 531.)

---

LOUIS KASLOW v. E. J. CHAMBERLAIN.

Opinion filed December 2, 1907.

On rehearing, September 12, 1908.

**New Trial — Motion — Absence of Judge on Return Day.**

1. A motion for a new trial was duly noticed for hearing on a day and hour named at chambers of the judge of the district court of the proper district. On the day set for the motion the judge was not present, and no proceedings were had. *Held,* that, in the absence of an order continuing the hearing or a written stipulation to that effect, the motion went down, and could not again be taken up without new notice or formal consent of the party on whom it was served.

**Same — Verbal Stipulation.**

2. Courts cannot take jurisdiction to hear a motion for a new trial on a verbal agreement that it may do so, claimed by one party, and denied by the other.

Appeal from District Court, Ramsey County; *Cowan,* J.

Action by Louis Kaslow against E. J. Chamberlain. From an order setting aside a judgment and granting defendant a new trial Plaintiff appeals.

Reversed.

*Anderson & Traynor,* for appellant.

It must appear of record that motion was made on the date set in the notice. 15 Am. & Eng. Enc. Law (1st Ed.) 914, note.

Stipulation must be in writing. Section 502, Revised Codes 1905; Rule 21, Dist. Court Rules; Chamberlain v. Hedger, 73 N. W. 75; McLaughlin v. Claussen, 48 Pac. 497; Sapp v. Aiken, 28 N. W. 24; State v. Stewart, 37 N. W. 400.

*Burke & Middaugh,* for respondent.

The court will not permit a party to be misled, deceived or defrauded by means of an oral stipulation. 20 Enc. Pl. & Pr. 654; Mutual L. Ins. Co. v. O'Donnell, 40 N. E. 787; Henderson v. Merritt, 38 Ga. 232; Montgomery v. Ellis, 6 How. Pr. 328; Stinnard v. New York F. Ins. Co., 1 How. Pr. 169; Harris v. Ensign, 1 How. Pr. 103; Shadwick v. Phillips, Col. & C. Gas. 471; Griswold v. Lawrence, 1 Johns. 507; Phillips v. Wicks, 38 N. Y. Supr. Ct. 75; Capt. v. Stubbs, 68 Texas, 225; Williams v. Huling, 43 Texas, 120; Burnham v. Smith, 11 Wis. 258.

SPALDING, J. On the 23d day of June, 1905, judgment was entered on a verdict in favor of the plaintiff and appellant and against the defendant and respondent in the district court of Ramsey county. Notice of the entry of this judgment was served June 24, 1905. June 26, 1905, the defendant served notice of intention to move for a new trial. Statement of the case was settled by the judge on stipulation of attorneys on the 23d day of October, 1905, and on the 11th day of October, 1905, the defendant served notice on plaintiff's attorneys that on the 19th day of October, 1905, he would move the court for an order granting a new trial. The hour set in the notice for the making of the application to the court was 10 o'clock in the forenoon of said day, and the notice did not contain the usual phrase, "or as soon thereafter as counsel can be heard." On the day set for the making of the motion for a new trial, the judge of the court was not present at the time and place set, so the motion was not made or presented to the court. No further proceedings were had in the matter until June 28, 1906, when execution was issued on the judgment, and returned on the 26th of August, 1906, unsatisfied. October 29, 1906, the plaintiff filed written objections to the hearing of a motion for a new trial, and, in support of and in opposition to said objections, affidavits were filed by the respective parties. On the 20th of November,

1906, the court made an order granting a new trial, which was subsequently modified and amended on the 22d of December, 1906. Such order vacated, annulled, and set aside the judgment. From this order the plaintiff appeals. A discussion of two questions is all that is necessary to determine this appeal. They are: What was the effect of the failure to bring on the motion at the time set? Was a verbal stipulation, if made as contended by defendant, sufficient on which to base a motion for a new trial, the plaintiff denying such stipulation?

1. It appears that the original motion for a new trial was returnable on a day and hour named. The day was not a day of a regular term of court, nor a day designated by the rules of the court for hearing motions, but was at chambers outside any term of court. We are of the opinion that the motion in the form in which it was noticed was abortive, and went down when not heard on the day for which it was noticed. The statute requires eight days' notice of motion for a new trial, and that the notice shall specify the time and place of hearing. It also requires it to be heard at the earliest practicable period after the service of notice of intention. Revised Codes 1905, section 7067. The authorities are few on this question, but we find none on a notice in form like the one under consideration, which hold that the motion stands over to a later day in the absence of an order by the court or stipulation of counsel. Ireland v. Spalding, 11 Mich. 455; Cheetham v. Howell, 6 Yerg. (Tenn.) 311; Gwin v. Vanzant, 7 Yerg. (Tenn.) 143; Vernovy v. Tanney, 3 How. Prac. (N. Y.) 359; Rogers v. Toole, 11 Paige (N. Y.) 212. There are cases holding that when an order is returnable at a fixed time or "as soon thereafter as counsel can be heard," or on a motion day or on the first day of a term of court, and is not heard on the day named, it goes over until the next day or the next motion day or for a reasonable time. Platt v. Robinson, 10 Wis. 128; Stephens v. Kaga, 142 Ind. 523, 41 N. E. 930; Allen v. Beekman, 42 Wis. 185. But it has also been held that, when a motion is not heard on the day named in the notice and goes over, it is error to act upon it, in the absence of the adverse party without further notice. Fischer v. Hanna, 8 Colo. App. 471, 47 Pac. 303. The object of requiring notice is to inform the opposite party of the time and place of the hearing, and enable him to prepare and be in attendance and present his reasons why it should not be granted. The motion

is not in court until either filed or presented orally to the judge. It can hardly be expected that the opposite party should remain in attendance on the court constantly after the day set in the notice for the hearing, and until the moving party sees fit to present it. To require this would be to do away with the purpose and object of the notice, and would not be in harmony with the purpose of the practice act. If, however, it is contended that the motion might be heard without further notice within a reasonable time, it can scarcely be held that one year is a reasonable time.

2. Affidavits were used on the part of the respondent to show a verbal stipulation that no advantage would be taken by the appellant of the absence of the judge on the day set for the hearing of the notice, and that it might be presented to the judge by respondent in the absence of the appellant and his counsel, and considered without briefs or argument. Appellant admits that he agreed not to take advantage of the absence of the judge if it was brought on for hearing within a reasonable time, but denies that he agreed that it might be submitted without briefs or argument. It appears that there was a misunderstanding between counsel. This court cannot undertake to settle misunderstandings of a verbal agreement. The statute and the rules of the court contain provisions intended to protect parties against just such misunderstandings. Revised Codes 1905, section 502, provides that an attorney and counselor has power "(2) to bind his clients to any agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court." Rule 21 of the district court provides that "no private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be binding unless the same shall have been reduced to the form of an order of consent and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged or by his attorney or counsel, where one shall have appeared for him in the action." That the statute and rule quoted are intended to apply to just such cases cannot be doubted. In construing section 467, Comp. Laws (Revised Codes Civ. Proc. 1903, section 507), the supreme court of South Dakota in Chamberlain v. Hedger, 10 S. D. 290, 73 N. W. 75, said, in speaking of verbal stipulations

shown by affidavit: "But as they were not reduced to writing, nor entered upon the records of the court, they are not binding on respondents, and cannot be considered by this court." In Mc-Laughlin v. Clausen, 116 Cal. 487, 48 Pac. 487, the supreme court of that state says: "If a party against whom a verbal stipulation is invoked denies that such a stipulation was made, the court will not hear the parties for the purpose of settling the dispute." The points in dispute in the case at bar are vital, and appellant denies that the verbal stipulation covered them. The court had no power to order a new trial of its own motion one year after verdict and entry of judgment. This is established in Flugel v. Henschel, 6 N. D. 205, 69 N. W. 195. It is possible that the judgment in the case at bar is excessive, but we are precluded by the record from examining this question. Much as we might be disposed to relieve respondent from it, as we view the law, we cannot do so.

Respondent claims that the court should not permit a party to be misled, deceived, or defrauded by means of an oral stipulation and submits authorities in support of this contention. We think his authorities are not in point. In the case at bar it is not conceded that the stipulation covered the points in issue, and the record discloses no fraud on either side. It is clear that the district judge exceeded his legal powers when he considered and determined the motion for a new trial on the strength of a verbal stipulation claimed by respondent and denied by appellant.

Other points are discussed in the briefs, but they become immaterial on our view of the case.

The order granting a new trial is reversed. All concur.

## ON REARGUMENT.

A rehearing was granted in this case, and additional briefs were filed and argued. After careful consideration of all the points urged, we see no reason for any but verbal changes in the opinion on file.

The respondent contends that it was verbally stipulated that no advantage of the absence of the judge would be taken, and that the motion might be submitted without briefs or argument. The appellant insists that it was to be presented to the court within a reasonable time, and that no agreement or understanding was had as to briefs or argument. It therefore appears that the contentions of the parties are in conflict as to the time and manner of the

proposed renewal of the motion. We see no way to relieve the respondent from this misunderstanding. If respondent's contention is correct, appellant was entitled to no further notice whatever. If appellant is not mistaken, even if the motion was presented within a reasonable time, he was entitled to some kind of notice so he might appear and present his objections.

Respondent insists that appellant fails to deny making the stipulation as understood by him, because in one of his affidavits his attorney alleges that no agreement was ever entered into in the presence of the court. We understand this to be an allegation intended to be independent of and in addition to the others, and used to foreclose any question as to a verbal stipulation being valid, as it might be if made in the presence of the court. This does not present a question as to the enforcement of a verbal stipulation, the terms of which are agreed upon by the parties, but one of determining or refusing to determine what was agreed upon verbally, when the parties disagree as to this.

We unanimously conclude that the former opinion must be adhered to. All concur.