S. W. KENNEY, Administrator, *v.* SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 4 March, 1914.)

1. Appeal and Error — Supreme Court—Pleadings—Amendments— Interpretation of Statutes.

The Supreme Court has the power to allow amendments to pleadings (Revisal, sec. 1545) ; and in this action on appeal to recover damages under the Federal Employer's Liability Act, the

plaintiff's motion to amend the complaint so as to allege that there are persons living who have a reasonable expectation of pecuniary benefit from the continued life of the deceased, etc., is granted, with leave to defendant to traverse these allegations.

2. Railroads — "Kicking Cars"—Flying Switch—Trials—Negligence —Evidence.

In railroad parlance, "kicking" a car is equivalent to making a "flying switch," and where there is evidence that the death of a brakeman was caused in this manner while he was engaged in his duties to the defendant railroad company, the violent contact of the car "kicked" with the one whereon he was employed throwing him down to his death, it is sufficient upon the question of actionable negligence and should be submitted to the jury.

3. Railroads — Federal Employer's Liability Act—"Assumption of Risks"—Trials—Negligence—Instructions—Appeal and Error— Harmless Error.

As to whether assumption of risks, under the Federal Employer's Liability Act, is a defense for a railroad company in an action to recover for the wrongful injury or death of its employee, Quære. But in this case, the jury having found the issue of defendant's negligence for the plaintiff, under correct instructions thereon, if there was any error committed by the court in relation to the doctrine of assumption of risks, it was harmless.

4. Railroads—Federal Employer's Liability Act—Measure of Damages.

In an action to recover damages of a railroad company for the wrongful killing of its employee, under the Federal Employer's Liability Act, the measure of damages, where recovery is permitted, is not the present value of the net earnings of the deceased based upon his expectancy. The correct rule is laid down in Dooley v. R. R., 163 N. C., 454; Irvin v. R. R., 164 N. C., 5.

5. Courts—Set Aside Verdict—Agreement—Offer of Party—Appeal and Error.

Where a verdict has been returned by the jury, it is within the province of the trial court alone to set it aside in whole or in part, and it may not be done only upon the agreement of the parties, without the consent of the court. Hence, an offer of agreement of one party made to the unsuccessful one, that the verdict be set aside on a certain issue, is held in this case to be ineffectual on appeal to prevent the appellee having a new trial

on that issue for errors of law committed in the Superior Court, or having alleged errors committed on the other issues passed upon on appeal.

**6. Railroads—Federal Employer's Liability Act—Negligence—Measure of Damages.**

Under the Federal Employer's Liability Act contributory negligence is not a complete defense, but material only in reduction of damages.

APPEAL by defendant from *Peebles, J.,* at November Term, 1913, of BERTIE.

This is an action to recover damages for the alleged negligent killing of the plaintiff's intestate, tried under the Federal Employer's Liability Act.

The defendant moves in the Supreme Court to dismiss the action for failure to allege in the complaint that there are persons living who have a reasonable expectation of pecuniary benefit from the continuance of the life of the deceased, or next of kin who are dependent upon him.

The plaintiff moves to amend the complaint. Evidence was introduced on the trial without objection, which was uncontradicted, tending to prove that there are such beneficiaries.

At the conclusion of the evidence the defendant moved for judgment of nonsuit, which was refused, and the defendant excepted.

The following verdict was returned by the jury:

1. Was the death of plaintiff's intestate caused by the negligent and wrongful act of the defendant company, as alleged in the complaint? Answer: Yes.

2. If said death was so caused, what sum by way of damages is plaintiff entitled to recover of the defendant by reason thereof? Answer: $1,250.

3. Did plaintiff's intestate, by his own negligence, contribute to his death? Answer: No.

4. Did plaintiff's intestate voluntarily assume the risk of injury, as alleged in the answer? Answer: No.

His Honor charged the jury, if they believed the evidence, to answer the fourth issue "No," and the defendant excepted.

There were also exceptions on the issue of contributory negligence, which need not be set out.

His Honor charged the jury on the issue of damages, in substance, that the plaintiff would be entitled to recover, if anything, the present value of the net earnings of the deceased based on his expectancy, and the defendant excepted.

There was a judgment in favor of the plaintiff upon the verdict, the damages being reduced to $1,000 with the consent of the plaintiff, and the defendant appealed.

After the adjournment of court the plaintiff served notice on the defendant that he would consent to a new trial on the issue of damages, to which the defendant made no reply.

*Winston & Matthews for plaintiff.*
*J. B. Martin and Murray Allen for defendant.*

ALLEN, J. (1) The Supreme Court has the power to allow amendments to process and pleadings (Revisal, sec. 1545), and in the exercise of that power the motion of the plaintiff to amend the complaint by alleging that there are beneficiaries and other facts connected therewith, is granted, without passing on the sufficiency of the complaint as it now stands.

The defendant will have leave to traverse the allegations of the amendment, if so advised.

(2) No exception is relied on in the brief of the appellant, relating to the issue of negligence, except upon the refusal to nonsuit, which was properly denied.

The evidence of the plaintiff, which was accepted by the jury, shows that the intestate was a brakeman in the employment of the defendant; that he was on the top of a car in the performance of his duties; that another car was "kicked" against the car he was on with unusual violence, and that he was thereby thrown from the car and killed.

A witness for the plaintiff testified: "After they got the car out, they kicked it. They kicked the car with the engine. I saw the car from the time it left the switch until it hit the other car. It was like a peal of thunder when it hit. The minute it struck, I saw Bob Isaac Capehart fall between the cars."

In *Farris v. R. R.*, 151 N. C., 487, the Court quotes with approval from *Allen v. R. R.*, 145 N. C., 214, that "The word 'kicking' seems to be used in railroad parlance as synonymous with making a flying switch," and from Elliott on Railroads (2d Ed., v. 3), sec. 1265 g, that, "The practice of making running or flying switches is inherently dangerous, and is so considered by the courts in numerous decisions. The courts have not hesitated to hold railroad companies liable for injuries to trespassers on the track, thus inflicted, on the ground of negligence."

(3) Conceding that assumption of risk is a defense under the Employer's Liability Act, although this has not been finally determined by the Supreme Court of the United States, we find no evidence to support the plea, and the defendant presents no reason to sustain his exceptions to the charge upon this issue directing the jury to answer the issue in the negative, except that if the witnesses for the defendant are believed, the cars collided in the usual way and without violence, and that upon this aspect of the evidence the intestate should be held to have assumed the risk. The difficulty about this position is that if this view of the evidence had been accepted the issue of negligence would have been answered in the negative and the issue of assumption of risk would never have been reached; and his Honor so held, as he charged the jury on the first issue as to negligence:

"If you find the fact to be that that car was sent back there in the manner in which they were usually coupled, and that the compact between the two cars was not great, as testified to by several of the witnesses for the defendant, why then you would find the first issue 'No,' because there would be no negligence on the part of the company if the shifting of those cars was done in the ordinary way, and as a man of ordinary prudence would perform the same duty."

(4) The instructions on the issue of damages recoverable under the Employer's Liability Act are erroneous. *Dooley v. R. R.*, 163 N. C., 454; *Irvin v. R. R.*, 164 N. C., 5.

The question is fully considered in these cases, and in the latter a clear and accurate charge is set out and approved.

(5) The plaintiff insists, however, that although there may be error in the issue, the defendant is not entitled to be heard, because after judgment was entered, notice was served on the defendant that the plaintiff would consent to a new trial on the issue of damages.

This contention arises from a misconception of the relation of the court to the trial of a cause.

The parties have the right before trial to settle their differences by agreement and compromise, but when they have submitted the controversy to the court, and a verdict has been returned, it requires the exercise of the judicial function to set aside the verdict or to order a new trial.

As was said in *Smedley v. R. R.,* 45 Ill. App., 427, "The granting of a new trial is a function of judicial practice for the exercise of the court alone. Where both parties are dissatisfied with the verdict of a jury, and ask the court to set it aside, it is still for the court, not upon the consent of the parties, but upon a review of the evidence, instructions, and all matters occurring upon the trial, to deny or sustain the motion."

Again, in *Phelan v. Ruiz,* 15 Cal., 90: "After a cause has once been fully tried and determined, the parties have not an arbitrary discretion to renew the litigation as, and to any extent, they may please. They cannot dispose of the time of the court at their own pleasure. If so, courts of justice might be turned into moot courts for the mere amusement of lawyers concerned in a trial. When a court sees that a case has been fully heard and properly disposed of, it may, in its discretion, refuse to try it over, although the parties consent to the retrial."

Again, in *Aiken v. Brunn,* 21 Ind., 142: "The court was not bound to grant a new trial, even though both parties were willing for it. If the court was satisfied with the trial had, it was not bound to waste its time in witnessing voluntary contests of the parties in the judicial forum or elsewhere."

These authorities and *Rock Island v. McEniry,* 39 Ill. App., 218, and *Nichols v. Sixth Ave. R. R.,* 10 Bosw. (N. Y.), 260,

which are in point, are cited to support the text in 14 Ency. Pl. and Pr., 933, that "If substantial justice has been done, the court is not bound to grant a new trial, although requested by both parties to do so," and substantial justice is frequently attained when neither party secures all he claims, and when both are dissatisfied with the result.

It follows, therefore, that as the court alone could set aside the issue of damages, the offer of the plaintiff to do so, without the consent of the court, was ineffectual, and that the defendant was under no obligation to accept or reject the offer.

It also appears that the defendant relies on exceptions arising upon other issues, which would have been abandoned if the offer had been accepted.

(6) A new trial is therefore ordered on the issue of damages, and also on the issue of contributory negligence, as under the Federal Act the negligence of the intestate, if any, is not a defense, but is material in reduction of damages.

Partial new trial.