# THE MIDWEST REFINING CO. v. EDWIN GEORGE
(No. 1586; Nov. 12, 1929; 281 Pac. 1005)

56

For the plaintiff in error there was a brief by *John B. Barnes, Jr., Edward S. Arentz,* and *Edwin Barrett* of Casper, Wyoming, and oral argument by *Mr. Barnes* and *Mr. Arentz.*

For the defendant in error there was a brief by *R. R. Rose,* and oral argument by *Mr. Rose.*

BLUME, Chief Justice.

This is an appeal by the Midwest Refining Company, plaintiff in error, hereinafter called the employer, against Edwin George, hereinafter called the employee. It seems that the employee was injured on or about December 12, 1924. He was riding on a truck of the employer and was returning from work. The truck skidded on account of slippery roads, went into a ditch and threw the employee on the ground, who was struck on his head and shoulders. The injury resulted in a fractured cervical vertebra, on account of which the employee was temporarily totally disabled. A report of the accident was made, and the employee was allowed the sum of $174.00. On October 3, 1926, the employee claims that he was again injured; that he was pitching weeds with a pitchfork against a strong wind; that his neck was strained by reason thereof, and the injury first described was aggravated, the fracture opened up, so that he was unable to continue work. He accordingly, on February 18, 1927, filed in court a writing which was signed by both parties hereto, and which at times will be hereafter referred to as a stipulation. In it the employee alleged the two injuries above mentioned. He further stated that employee's physician had examined him and found that employee had sustained total permanent disability, unfitting him to engage in any gainful occupation; that physicians of the employer, however, had examined him, finding that employee was only partially permanently disabled, ranging from 50% to 65% of permanent total disability, and that, without further injury or aggravation from some outside source, employee's disability would not increase. The writing further states:

"Employee, therefore, for the purpose of settlement in this matter, claims an award for 62½ percent of permanent total disability, in the sum of $2500 together with an award

for temporary total disability in the sum of $150.00, as above set forth. Employee hereby agrees that he is satisfied with the above claim and that such awards shall be received by him in full settlement of all claims and demands against the Midwest Refining Company from the Industrial Accident Fund of the State of Wyoming, growing out of the said accident of December 12, 1924, and the alleged accident of October 3, 1926, unless his condition, without the interference of any other causes, grows steadily worse, and in no event shall employee make any additional claim herein if by reason of returning to work at any gainful occupation, he shall receive any additional injury whatsoever by reason of accident, strain, activity or labor which may or shall tend to aggravate or aggravate and increase the disability hereinabove described.''

Then follows the prayer to the following effect:

''Wherefore, employer and employee pray an order of court be entered in favor of said Edwin George, employee, for the full sum of $2650 as hereinbefore set forth and that the same be a full, final and complete adjudication of the rights of the parties hereto and the industrial accident fund of the State of Wyoming as to all matters and things herein involved.''

The writing, as already stated, was signed by both employer and employee, and was duly sworn to. The court entered an order in the cause on February 21, 1927, finding that the employee was injured as above mentioned, that he was temporarily totally disabled from October 3, 1926 to January 2, 1927, and that he was permanently disabled to the extent of 62½% of permanent total disability. The court accordingly made an allowance to the employee of $2650 and directed that ''this order is to be full, final and complete adjudication of the rights of the parties hereto.''

On December 26, 1928, the employee filed what he called a petition for re-opening of the case, reciting the allowance made on February 21, 1927, and alleging ''that the condition of said employee has since the date of said award constantly and gradually become worse and that for a long

time past said employee has been totally disabled and unable to perform any work at any gainful occupation; that his condition, as he is advised by physicians, is permanent and incurable and will not yield to medical or surgical treatment.'' He accordingly asked for an additional sum of $1500 as the balance due him for total permanent disability. The matter was set down for hearing on January 7, 1929, and testimony was taken in the case. Counsel appeared both for the employer and the employee. The testimony introduced on behalf of the employee tended to show a total permanent injury, and was mainly directed to that end. When the employee rested his case, counsel for the employer moved the court to dismiss the claim, called attention to the stipulation entered into between the employer and employee as hereinbefore mentioned, and the order of the court, which was a final and complete adjudication between the parties, and claimed that employee had not shown that his condition had grown any worse since the time of the making of the order. The court insisted upon hearing the evidence on behalf of the employer, and to this action of the court an exception was taken. The employer's testimony was thereupon introduced and at the close thereof the court entered judgment finding that the employee suffered from permanent total disability, but directed that he should receive no further compensation and that his petition be dismissed, because he had failed to show that his present condition was due to or was the direct result of the injuries claimed to have been suffered. Thereupon, and on January 16, 1929, the employee filed a motion for a new trial. On February 6, 1929, the court made an order that the judgment of January 10, 1929, be opened for the purpose of taking further evidence, to which an exception was taken by the employer. Thereupon two adjournments were taken at the request of employer. The second hearing, so ordered by the court, was had on March 14, 1929. At the beginning thereof counsel for the employer objected to the introduction of any further testimony in the case, for the reason

that the motion for a new trial had never been passed upon; that there could not then be a new trial, and that the court was without jurisdiction in the case. This objection was insisted upon throughout the second hearing. Upon the conclusion thereof, and on March 21, 1929, the court made and entered an order allowing the employee an additional compensation of $1500. Thereafter, and on March 22, 1929, a so-called motion for a new trial was filed by the employer on the grounds, among others, that the decision and order of the court last mentioned was contrary to law and was not sustained by sufficient evidence, and because the court had no jurisdiction in the case to make and enter such order and decision, for the reason that the judgment of January 10, 1929, had never been set aside and because the judgment of February 21, 1927, was a complete and final adjudication in the case. This motion was overruled on March 22, 1929, and thereupon this appeal was taken and the grounds urged are substantially the same as those mentioned in the motion for a new trial last above mentioned. The position taken in the lower court that there is no showing that the condition of the employee had grown worse and that, accordingly, the judgment is contrary to law and not sustained by sufficient evidence, has not, as counsel for employee seems to think, been abandoned; it was urged upon the oral argument and is distinctly relied on in at least two different places in the brief.

Counsel for the employer urge that the court had no jurisdiction in March, 1929, to reopen the judgment of February, 1927, which by its terms declares that it is a final adjudication between the parties. The contention would, of course, be ordinarily true, unless, perhaps—a matter we need not decide—the court had expressly retained jurisdiction at the time of the entry of that judgment. Counsel for the employee urges various reasons why the general rule does not apply in this case. He claims in the first place that the allegation of employee that he had gradually and constantly grown worse may be considered in the na-

ture of newly discovered evidence, and that the petition for opening the case, filed December 26, 1928, may be considered as a motion for a new trial under Section 5874, W. C. S. 1920, which provides for such motion after the term upon the ground of such newly discovered evidence, limiting the time, however, to not later than the second term after the discovery. And counsel says that jurisdiction must be presumed. But we cannot see how we can indulge in such presumption, in view of the statute fixing two terms of court per annum in Natrona County, and which shows conclusively that the motion was filed later than the statute contemplates. Further, the employee substantially contended in February, 1927, and his physicians had found, that he was totally and permanently disabled, and the evidence, accordingly, could, in the very nature of things, not have been newly discovered evidence on that point.

It is further contended that nothing in the workmen's compensation statute prevents the court from reopening a case which comes within the purview thereof, and that the stipulation heretofore mentioned, which contemplates such reopening only upon certain conditions, is void. Counsel cite Section 4324, W. C. S. 1920 on the latter point, which reads:

"No contract, rule, regulation or device whatever shall operate to relieve the employer, in whole or in part, from any liability created by the chapter except as herein provided."

This section, however, does not seem to have any bearing herein, and seems to have been enacted simply for the purpose of compelling certain employers to come within the provisions of the workman's compensation act. But however that may be, we are not now dealing with purely a compromise between the parties, but also with a judgment of the court which adopted and confirmed the statements contained in the stipulation, at least in part, and we may, for the purposes of this case, concede that a compromise

of the parties, not followed by a judgment of the court, is not binding. But it is with that judgment that we are dealing. It seems, however, to be contended that the order of award made in February, 1927, is not a judgment in the ordinary sense, so as to be binding the same as other judgments. The legislature, in Chapter 124, Sec. 9, Session Laws 1925, declared:

"Every award within the meaning of this act is a judicial determination of the rights of the employer, the employee and the accident fund as to all matters involved. No award of compensation or allowance of any expense or claim chargeable against the account of any employer contributing to the industrial accident fund shall be made without notice to such employer and hearing unless such employer shall consent thereto."

Counsel says that this section seems to deal merely with claims for hospital and medical bills. But that does not seem to be borne out by the context. But he says further that the section is unconstitutional, for the reason that the title of the act does not refer to the contents of Section 9, supra. We need not pass on that question, for we do not see how we are able to say that an award is not a judgment in the ordinary sense, and that, in the absence of a contrary declaration by the legislature—except, where jurisdiction is expressly reserved, as already stated—it can be said to be anything but a final adjudication of the parties as to the matters covered thereby, the same as in any other case. That seems to be borne out by the provisions of Section 4327, W. C. S. 1920, which provides for a formal hearing in case the right to compensation or the amount thereof is disputed, and this hearing may be had before a jury, at least when, under certain circumstances, the right to compensation is denied. It would hardly be contended that in such case the determination would not, in the absence of appeal, be binding. The statute further provides for an informal hearing whenever the liability or the amount thereof is not disputed, which presents a situation similar to

that in the case at bar, and in such case the court awards compensation, if there is no collusion between the parties, as the facts ascertained by the court will warrant, the amount to be within the limits fixed by law. The statute does not point out a different effect when the hearing is formal from that when it is informal. In the case at bar, as already stated, the plaintiff, in substance, claimed in February, 1927, that he was totally and permanently incapacitated, and that his physicians had so stated; the employer claimed that he was totally and permanently disabled only to the extent of 62½%. The dispute thus existing was evidently eminently one of those that could have been tried and determined by a formal trial. But instead of choosing that course, the employee preferred to come before the court with the situation undisputed. The record does not show whether he was represented by counsel at that time or not, though it was stated in the oral argument before this court that he was. In any event, there is no pretense that he was overreached or attempted to be overreached by the employer, or that the court did not give due consideration to employee's claim. Nor is it certain that if the dispute had been tried at that time in a formal hearing, when, possibly, evidence might have been available that was not available in March, 1929, the court would have found in favor of the employee's contention rather than in favor of that of the employer, and we cannot, accordingly, upon any principle of law that we know, hold that the judgment that was rendered in February, 1927, was of a different character than any other judgment. Hence, unless plaintiff is aided by the stipulation, or the matter was opened up with the effect as contended—a point which we shall now proceed to consider—plaintiff is barred from any further recovery by the judgment of February 21, 1927.

The main contention on the part of the counsel for the employee is that jurisdiction to retry the issue of whether the employee sustained total permanent injury was conferred upon the court by consent; in other words, that

counsel by not raising the jurisdictional question until the end of the second trial waived the point and conferred power upon the court to reopen the whole question. He relies upon the rule stated in 15 C. J. 807 that jurisdiction in a particular case may be waived if the court had jurisdiction over the general class of cases of which the particular case is one. Counsel says that the court had jurisdiction to try cases falling within the general class of workmen's compensation; that the case at bar is one within that class, and that, accordingly, jurisdiction in this particular case could be waived. The point is not as easy as counsel seem to think. The same argument could be made in numerous other cases—in suits on notes, accounts, for the possession of real or personal property. Hence it is at least a question whether the "general class" ought not to be much more confined than counsel argues, and ought not in this instance to be considered as consisting of that class of cases in which a final judgment has already been rendered and which is sought to be reopened after the term. And if that is so, then the court's jurisdiction could not, according to many authorities, be restored by consent. See Finkle v. Superior Court, 71 Cal. App. 97, 234 Pac. 432; Kenney v. Ry. Co., 165 N. C. 99, 80 S. E. 1078; Evans v. R. Co., 51 Mont. 107, 149 Pac. 715; Kaslow v. Chamberlain, 17 N. D. 449, 117 N. W. 529; Leeker v. Leeker, 23 Ariz. 170, 202 Pac. 397. And in Blake v. Metz, 136 Okl. 146, 276 Pac. 762, the court specifically held that jurisdiction in the particular case cannot be waived or given by consent. However that may be, there are cases which hold that a judgment may be opened by consent, or by conduct equivalent thereto. Byrd v. McDaniel, 26 Ala. 582; The National Home etc. v. Overholser, 64 O. S. 517, 60 N. E. 628; City of Philadelphia v. Coulston, 118 Pa. 541, 12 A. 604; Harrison v. Osborn, 31 Okl. 103, 114 Pac. 331; Hewetson v. Chicago, 172 Ill. 112, 49 N. E. 992; Cooney v. Bonfield, 172 Ill. App. 657; Brownmark v. Livingston, 100 Ill. App. 474. See, on the other hand, Western Land & Irr.

Co. v. Humfield, 118 Or. 416, 247 Pac. 143; Schlesser v. Pearl, 185 N. Y. S. 116. We need not decide the point, but assume that the rule as last stated is correct and consider what the record shows in regard to it. After the employee had filed his petition for reopening the case, two trials were had. During the first trial counsel for the employer appeared and went upon the theory that if the condition of the employee had grown worse as contemplated in the stipulation above mentioned, he might recover additional compensation, but he also contended that such recovery could be had only if it were shown that the condition had grown worse as stated in the stipulation. The petition for reopening the case was framed on the same theory, and gave no hint that anything beyond these allegations would be claimed. Hence whatever consent to jurisdiction counsel for the employer gave was a qualified one, and could not, in any event, be held to have conferred power upon the court beyond the terms of the consent. And we might mention the fact that up to that time the employer's cause was not injured, for judgment went in its favor. With that as the situation, it is at least a serious question whether the waiver or consent, qualified as it was, bound the employer as to any further proceedings in the case, unless he continued his consent or waiver, which we do not think is true in this case. The fact that continuances were asked by counsel for the employer could at most but give jurisdiction over the person, which is not in question here. At the opening of the second trial, counsel for the employer vigorously objected to the court proceeding further in the case, and to the jurisdiction of the court. Even though the grounds mentioned for the want of such jurisdiction were not the correct ones, still the objection to further proceeding on account of want of jurisdiction existed, and we are unable to see how consent can be implied under these conditions. Nor can the fact that the employer thereafter filed a motion for a new trial in which, aside from the objection to jurisdiction, he also asked for relief on other

grounds, be considered as consent to such jurisdiction. He was not compelled to stake all on that objection. Wright v. N. W. Union Railway Co., 37 Wis. 391, 394; Whitford v. Lee, 97 Conn. 554, 117 Atl. 554; see also Brumleve v. Cronan, 176 Ky. 818, 197 S. W. 498; Morehart v. Furley, 141 Minn. 56, 182 N. W. 723.

We need not decide the point so arising, namely, whether whatever consent was given would not apply to the hearing in March, 1929, unless it was continued, but may, for the purposes of this case, but no further, concede that counsel for the employer gave his consent, applicable throughout the case, to have the cause reopened for the purpose of trying out the question as to whether or not the employee had grown worse within the meaning of the stipulation between the parties, and that the court by that consent acquired jurisdiction for that purpose. We cannot concede that when counsel was willing to go that far, the court could, willy nilly, go as far as it liked and open up the case for all purposes and thus make the consent wholly abortive. No authorities permitting that to be done have been cited, nor do we know of any principle of law allowing it. And it is apparent that if we can ignore the judgment of February, 1927, and can look to the stipulation of the parties entered into three days previous thereto—which we assume, but do not decide—counsel for the employer conceded all that the employee had a right to expect him to concede. And we accordingly shall look to the evidence in the record on the point as to whether or not the employee brought himself within the terms of the stipulation and showed that he had gradually and constantly grown worse without interference from extraneous causes. We think he has completely failed to do so, and that the judgment of the court is clearly not sustained by any substantial testimony on that point. The employee, it is true, testified in the hearing in January, 1929, that he suffered more from dizziness, and one of the physicians stated that his condition was progressing, whatever that may mean.

Testimony on behalf of the employer showed his condition to be the same in January and March, 1929, as it was in February, 1927. However that may be, the employee knew better than any one else what his condition was. And he testified at length as to his condition at the time of the last hearings herein as compared with his condition in and about February, 1927, and soon thereafter when he went to California. Among the questions and answers are the following on direct examination:

"Q. To what extent could you at that time (of the injuries) rotate your head approximately? A. Very little. Q. Different from now, or about the same? A. I would say worse than probably now. A. If I would turn my head quickly to the right, up or down, it would cause dizziness and just a thumping in my head, right up here; just a throbbing for a few seconds. Q. Is that the condition you were in following the first injury? A. Yes, and all the way along, and at the present time. Q. And was it the condition that followed the second injury, the condition you have described? Did you have it following the second injury? A. Yes. Q. Do you have it at the present time? A. Yes."

And on cross-examination he testified:

"Q. What was your condition? Were you suffering from all these pains that you speak of? A. Why, I was practically the same as I am now. I have a little dizzy spell. Q. You were about the same as you are now; that is when you arrived in California? A. Yes. Q. You were about the same when you left here as you are now, when you got to California? A. Yes. I would say practically the same. Q. When you left here you were in about the same condition as when you got your award in February, were you not? A. I suppose so. Q. Just about the same, you did not notice much difference, did you? A. No, I did not notice much difference. Q. You felt about the same physically all of this time? A. Yes. Q. You have been about the same all the time? A. Yes. Q. You felt about the same here as you did back there? A. I do not see much difference?"

We are unable to see how, in the face of this testimony, it can be said that the condition of the employee had gradually and constantly grown worse within the meaning of the stipulation of the parties, which contemplated at least a substantial difference between employee's condition in February, 1927, and the time of the petition for reopening the case and the subsequent hearings. The judgment of the court appealed from must accordingly be reversed and the cause remanded for a new trial. It is so ordered.

*Reversed and Remanded.*

KIMBALL and RINER, JJ., concur.