WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant,

v.

Herke D. NIEZWAAG, Appellee (Employee-Claimant below).

True Drilling Company, (Employer-Defendant below).

No. 3747.

Supreme Court of Wyoming.

March 20, 1969.

Joseph E. Darrah, Sp. Asst. Atty. Gen., Cheyenne, for appellant.

Thomas A. Burley, County and Pros. Atty., Douglas, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Chief Justice GRAY delivered the opinion of the court.

The questions presented on this appeal were previously brought to this court for review as the result of an appeal by the State Treasurer from a memorandum opinion handed down by the District Court of Converse County relating to the claim of Herke Niezwaag for certain benefits under the Workmen's Compensation Law of this state, §§ 27–48 to 27–168, W.S.1957, C. 1967. Such appeal was dismissed for want of jurisdiction, Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag, Wyo., 444 P.2d 327. On remand to the district court the jurisdictional defect was cured and the State Treasurer has again appealed. Although a brief résumé of the undisputed facts underlying the controversy is contained in the opinion disposing of the previous appeal, it appears necessary for purposes here more fully to relate the facts pertaining to the questions before us.

Claimant, while employed by True Drilling Company in a covered occupation, received an injury to his left leg in March 1953. Initially the injury appeared to respond to medical treatment, but with the passage of time complications developed and in January 1955 it became necessary to amputate a part of the leg below the knee. During that period benefits, with the consent of the employer, were allowed and paid for medical and hospital expenses and for two short periods of temporary total disability.

On January 31, 1955, the district court entered an order granting a further award of temporary total disability to claimant for a part of the month of January 1955 and further provided that such monthly payments were to continue in the future "upon certification of the attending· physician as to his disability." After such order was entered and claimant had been fitted with an artificial limb, difficulty was encountered with the stump and it was not until February 28, 1957, that claimant's attending physician advised the court that claimant was able to return to work and claimant, himself, in a claim filed for such disability for the period March 1, 1957 to March 15, 1957, stated under oath that "I am able to return to work on March 16, 1957." Thereupon payments for temporary total disability were discontinued.

With respect to benefits for medical and hospital expense, the limited amount chargeable to the employer as provided in § 27–93, W.S.1957, C. 1967, was soon exhausted and the district court as authorized by § 27–94, W.S.1957, C. 1967, upon application by claimant, entered orders from time to time allowing payment of additional hospital and medical expense out of a separate fund. The last such order was entered on November 30, 1956, which by force of its own terms and the statute was limited to the subsequent six months' period. The last claim filed and paid under that order was dated March 1, 1957.

In addition to the foregoing, the district court, with the consent of the employer, entered an order of award on March 21,

1955, directing payment in a lump sum of the then scheduled amount allowed for permanent partial disability resulting from claimant's loss of the left leg below the knee. For the statutory provisions then in force see Ch. 143, §§ 35(g) and 36, S.L. of Wyoming, 1951. For current provisions see §§ 27–80(g) and 27–81, W.S.1957, C. 1967.

The record also discloses that each and every order of award made by the district court for any and all benefits theretofore allowed to claimant or to others on his behalf had been satisfied in full by the end of March 1957. Nothing further developed in the proceedings until July 17, 1967, when claimant again filed an application for additional hospitalization and medical expense resulting from a reoccurrence of complications with the stump and on the same date made application to have his case reopened and temporary total disability allowed for the period July 14, 1967 to July 31, 1967. It was not claimed that such disability resulted from a subsequent injury. In the meantime claimant had also changed jobs and was no longer in the employ of True Drilling Company.

Over the objections of the former employer and the State Treasurer, the district court, upon what in essence was a stipulation by the parties of the facts contained in the file, entered an order reopening the proceeding; awarded temporary total disability benefits for the period claimed; and awarded additional hospital and medical expenses in accordance with the statutes. From that order the State Treasurer has appealed.

In effect the district court held that it had a continuing jurisdiction over the subject matter in question during the lifetime of the claimant with power to impose the burden of the disability benefits upon the original employer so long as such disability and his medical needs resulted from a reoccurrence of the difficulty in the healing process originally encountered in restoring the claimant to such physical condition as the extent of his known compensable injury would permit.

In resisting the concept, the State Treasurer concedes that claimant was entitled to temporary total disability benefits "in the first instance, until such time as the work-related injury stabilizes itself justifying a permanent disability award." Based upon the record, it appears that this concession should be taken to mean that temporary total disability was payable for the period from the date of injury until the stump had healed, an artificial limb fitted, and the claimant was able to return to work. That concession is in accordance with what was held by this court in In re McConnell, 45 Wyo. 289, 18 P.2d 629, 632, 88 A.L.R. 376, to be the policy of the law. No point was made of the fact that the scheduled award for loss of the limb was entered during the time temporary disability was being paid and that payments continued for some time thereafter. The State Treasurer contends, however, that when payments for total temporary disability ceased, in keeping with the terms of the award, the scheduled award for permanent partial disability was the exclusive remedy and claimant was no longer entitled to further temporary total disability benefits resulting from the known original injury. It is further contended that the district court was without jurisdiction in any event to reopen the proceeding for any purpose for the reason that the claimant's pending applications were not timely filed.

Turning first to the contentions concerning temporary total disability, it would appear as an abstract proposition that the contention with respect to the exclusiveness of the remedy for permanent partial disability when that point in time is reached is in keeping with the policy of the statute heretofore mentioned. Whether the contention should be adopted, however, as a general principle of law applicable in all cases is not entirely free from doubt. The only authority cited in support of the contention is Keehn v. Alaska Industrial Board, 9 Cir., 230 F.2d 712, 16 Alaska 101. Authorities reaching a contrary result are Alaska Industrial Board v. Chugach Electric Association, 356 U.S. 320, 78 S.Ct. 735,

2 L.Ed.2d 795, and Nuway Laundry Company v. Hacker, Okl., 396 P.2d 659. Further compounding the difficulty is the contention of the State Treasurer that the provisions of § 27–117, W.S.1957, C. 1967, hereinafter set forth in full, embrace any award of compensation. If there is merit in that contention one result might well be that additional benefits for temporary total disability could under appropriate circumstances be allowed. For purposes here, however, we need not decide the point.

■ We will assume, as claimant argues and the district court apparently concluded, that the provisions of § 27–117 are not applicable. When such assumption is made it is readily apparent that claimant cannot prevail and the court erred in awarding temporary total benefits to claimant for any period subsequent to March 15, 1957. The bar to plaintiff's claim has its inception in § 27–118, W.S.1957, C. 1967, which provides in part: "Every award within the meaning of this act is a judicial determination of the rights of the employer, the employee and the industrial accident fund as to all matters involved." On the strength of that language it was early held by this court that absent an express reservation of jurisdiction or a declaration by the legislature to the contrary, any award under the Act is a "final adjudication of the parties as to the matters covered thereby, the same as in any other case." Midwest Refining Co. v. George, 41 Wyo. 55, 281 P. 1005, 1007. Nowhere in the statute do we find an express reservation of jurisdiction in the district court over its final adjudication of the benefits to which a workman is entitled for temporary total disability, and nowhere do we find provisions apart from the question of the application of § 27–117 indicating an intention on the part of the legislature to confer such unlimited power upon the district court. Without question the order of award entered on January 31, 1955, for payment of temporary total disability benefits, which by its own terms covered the period from January 3, 1955 to March 15, 1957, was an "award within the meaning

of the act" and was a "final adjudication" between the parties thereto and the industrial accident fund as to the amount claimant was entitled to receive for temporary total disability resulting from the injury. We cannot under the guise of liberal construction supply the omission of the statute to provide for a reasonable period of continuing jurisdiction over such awards, and harsh as our holding may seem the problem is one for the legislature and not the courts.

With respect to timeliness of the application for medical benefits pursuant to the provisions of § 27–94, W.S.1957, C. 1967, the State Treasurer contends that an award thereunder is an award of compensation subject to the time limitations prescribed by § 27–117. The section provides:

"Where an award of compensation has been made in favor of an injured employee an application may be made to the court by either party in time within two (2) years from the date of the award, or at any time during which monthly payments under an award are being made, for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon the ground of mistake or fraud."

■ We agree that an award under § 27–94 is an award of compensation. We have difficulty, however, in accepting the further contention that such an award falls within the ambit of § 27–117. It will be noted in the first instance that the provision is not the usual provision contained in compensation laws of other states granting continuing jurisdiction to those charged with administration of the law to reopen and review any award of compensation previously made, with or without limitation as to time. On the contrary, the power is limited to "a modification of the amount of the award on the ground of increase or decrease of incapacity." Such language scarcely indicates an intention to include an award under § 27–94. As will be shown, those awards are not for any speci-

fied amount, are discretionary, and continue in force for only short periods of time.

It may be true, as the State Treasurer argues, that legislative history pertaining to § 27–117 lends some support to his contention. This for the reason that the identical language of this provision, as a part of the Workmen's Compensation Law, first appeared in Ch. 128, § 4, S.L. of Wyoming, 1937, as an amendment to § 124–113, W.C.S.1931, as previously amended. The latter section related to the general investigation and allowance or disallowance of all claims filed by a workman under the law, and the broad scope of the 1937 amendment would constitute some indicia that the legislature, even though the amendment was inarticulately drawn for such purpose, intended to embrace something more than awards for permanent disability. Nevertheless, so to interpret the section would result in a rather strained construction.

In addition, the contention runs afoul of the well-recognized general rule of statutory construction that where a special statute is enacted later than a general statute relating to the same subject the special statute necessarily will restrict the effect of the general statute from which it differs. State ex rel. Pearson v. Hansen, Wyo., 401 P.2d 954, 958. As disclosed by legislative history, the forerunner of § 27–94 was enacted by Ch. 122, § 6, S.L. of Wyoming, 1941, which was some four years subsequent to the general provisions of § 27–117.

The particular portions of § 27–94 pertinent to such question and pertinent also to the question of the continuing jurisdiction of the court in awarding benefits under that section are as follows:

"* * * If, upon the hearing, the court shall find that further hospitalization and medical expense is essential, an order may be made allowing additional hospitalization and medical expense including surgical and specialist care for a period not exceeding six (6) months, and expense in obtaining same, the cost of which shall be paid from the industrial accident fund upon the filing of fee bills, but shall not be charged against the employer's account. Similar applications may be made from time to time in any one case, but no order for hospitalization and medical expense shall be made for a period longer than six (6) months from the expiration of the previous period of hospitalization and medical treatment, it being the intent and purpose of this section that necessary hospitalization and medical treatment including surgical and specialist care and expense in obtaining same shall be provided, and there shall be no limit upon the number of orders entered, but no one order shall authorize hospitalization and medical treatment including surgical and specialist care for more than six (6) months. * * *"

It is readily apparent that the provision comprehensively treats of the special subject matter and would in any event be inconsistent with the general provisions of § 27–117. Consequently § 27–94 is controlling.

That leaves for consideration the question of whether or not the last award made under § 27–94, which was dated November 30, 1956, and effective for a period of six months thereafter and under which the last payment was made on March 8, 1957, was a final adjudication subject to the rule of Midwest Refining Co. v. George, supra. We hold it was not.

It will be noted that under the section applications may be made and benefits awarded from "time to time in any one case" and "there shall be no limit upon the number of orders entered." Such language, in the absence of limiting language to the contrary, lends strong support for the view that jurisdiction in the premises continues indefinitely in the district court. In addition, such construction is aided by a legislative declaration of intent and purpose, which although not binding is worthy of consideration, Unemployment Compensation Commission v. Renner, 59 Wyo. 437, 143 P.2d 181, 184. In essence, the legislature has said that the purpose of the stat-

ute is to furnish such care as long as it is necessary and essential to the workman. In the light of such a manifest and humanitarian purpose we cannot say that the district court erred in entering its order awarding to claimant additional hospital and medical expense as provided in § 27–94.

■ The further contention of the State Treasurer that time limitations prescribed by the Code or Rules of Civil Procedure are applicable to the application made for benefits under § 27–94 is without merit. Section 27–118 provides in part: "Except as otherwise specifically provided in this act, the code of civil procedure shall gov-ern in matters before the courts of this state in reference to the Workmen's Compensation Laws." Clearly the specific provisions of § 27–94 relating to the time that applications for relief thereunder must be filed constitute an exception to the general provisions prescribed by the Code or Rules of Civil Procedure.

That part of the order of the district court dated September 28, 1968, awarding temporary total disability benefits to claimant for the period July 14, 1967 to July 31, 1967, is reversed. That part awarding § 27–94 benefits is affirmed.

Reversed in part and affirmed in part.